747 So.2d 652 (1999)
Nora McLAUGHLIN
v.
FRENCH RIVIERA HEALTH SPA, INC. and ABC Insurance Co.
No. 99-CA-546.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 1999.
*653 Joseph F. Lahatte, Jr., New Orleans, LA, for Plaintiff-Appellant.
Edward D. Markle, New Orleans, LA, for Defendants-Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
DUFRESNE, Judge.
This is an appeal by Rosa McLaughlin, plaintiff-appellant, from a summary judgment dismissing her claim against French Riviera Health Spa, Inc., defendant-appellee, for injuries suffered in a fall during an aerobics exercise class. For the following reasons we affirm that judgment.
The undisputed facts are as follows. Plaintiff had been attending aerobic exercise sessions weekly at the defendant's spa for some six months prior to the accident involved here. Each of the participants in her group used a small step upon which they placed one or the other foot during exercise routines. Dana Poison, the instructor, said in deposition that she typically begins each session by asking any new people in the group to raise their hands. If anyone does, she gives them basic instructions, the most important of which is an admonition to place their entire foot on the center of the step when *654 exercising. She also said that each person sets up their individual step, which consists of a top square with riser inserts that fit into the bottom of the two ends and provide the step's elevation. While she said she does not inspect each individual step to see if it is properly assembled, she does look around the class before beginning each session to make sure that all of the steps are properly aligned, thus indicating that the risers are properly inserted in the top.
Plaintiff stated in her deposition that she arrived for the session and prepared for it in the usual way by selecting a step from against the wall, inserting the risers into the top, and placing it on the floor where she was to exercise. For about 15 to 20 minutes of the session plaintiff used the step without incident. At that point, according to her deposition, when she again placed her foot on the step it tilted up on one end causing her to lose her balance and fall. She also testified she did not notice whether or not the step had come apart. It was later determined that she broke her ankle in this accident.
Polson said that she saw plaintiff fall and went to her aid. She said that plaintiff told her then that she had "misstepped." Polson then went to get help and returned with another employee, Eli Koniditsiotis. He similarly testified in deposition that plaintiff told him at that time that she had "mis-stepped." He also said that he inspected the step that she was using and found that it had not fallen apart and that there was nothing else wrong with it. Cheryl Allnet, the general manager of the spa, said in deposition that she spoke to plaintiff at her desk after the accident and was also told by her that she had "mis-stepped." Allnet further testified that the step in question had not been repaired or destroyed. In deposition plaintiff at first said that she did not remember whether she told anyone that she mis-stepped, she then said she did not tell this to anyone, and on further questioning she again stated several times that she did not remember whether she had told this to anyone or not.
Plaintiff's allegations of fault on the part of the spa are basically that its employees failed to instruct her on proper assembly and use of the step, and that the step was defective in that the risers were loose and the step was therefore likely to fall apart during use. The accident occurred on March 12, 1996, and suit was filed on March 4, 1997. During discovery, defendant propounded a number of requests for admissions. The first of these asked if the step had "collapsed" and plaintiff answered that it had not. Other questions asked were whether plaintiff had evidence to establish 1) that the step was unsafe or defective, 2) that the spa knew or should have known of the alleged defect, 3) that the spa failed to train its employees in maintenance or inspection of the equipment, and 4) that the spa failed to properly maintain the step. She admitted that she had no evidence to establish any of the above facts. In her deposition she said that she did not know of any problem with the way she had assembled the step on the day in question, and admitted that she had never had any problem with this procedure in the previous six months of sessions. She also testified that she knew how to use the step, never asked anyone at the spa to instruct her further on how to do so, and never had any problems using the step during the previous six months. The admissions were first made on March 26, 1997, and supplemented on September 17, 1997. The deposition was taken on December 17, 1997.
On the basis of the above depositions and admissions, defendant urged a motion for summary judgment on February 5, 1998. After two continuances urged by plaintiff, the matter was finally taken up on July 10, 1998. During this period plaintiff did not further supplement or amend her admissions or deposition. The only additional document presented by plaintiff in opposition to the motion for summary judgment was her affidavit submitted the *655 day before the hearing. In that document she refers to the top of the step as the "plane," and states that when she put her foot on the edge of this "plane" the step tilted and she lost her balance. She also said that she "believed" that parts of the step were worn causing a loose fit between the top and the risers, and that her use of the step as she was instructed caused it to come apart. On all of the above facts, summary judgment was entered in defendant's favor, and plaintiff now appeals.
Summary judgment is properly entered when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that mover is entitled to judgment as a matter of law, La.Code Civ. Pro., Art. 966 B. Although movant bears the burden of showing that summary judgment is appropriate, if it will not bear the burden of proof at trial it need not negate all elements of the adverse party's claim, but rather need only point out the absence of factual support for the opposing claims, id., Art. 966 C(2).
Here, plaintiff asserts that there are genuine issues as to material facts which would establish that she was improperly instructed on the proper manner of assembling the step, and also that the step was worn and fell apart in use. She argues first that there is a factual issue about whether she was properly instructed on how to assemble the step. While this may be an unresolved factual question, it is not material to the case. There is absolutely no evidence of record to indicate either that plaintiff assembled it improperly or that its manner of assembly caused this accident. Indeed, she admitted in her deposition that she knew of no problem in the way she had put the step together on the day of the accident, and further said that she had never had any problem assembling the step during the preceding six months. Eli Koniditsiotis testified that he examined the step immediately after the accident and it was properly put together. In these circumstances, whether or not she received any instruction on how to perform this simple task is irrelevant.
Her second argument is that there is an issue about whether the step was defective. The basis of this assertion is her allegation that due to some defect the step collapsed or fell apart, thus causing her to fall. However, in her answers to admissions she states that the step did not collapse. She also admitted there that she had no evidence to show that the stop was in any way defective and was unable to identify which of the spa's steps she was using when she fell. Similarly, in her deposition she says that she did not see whether or not the step had fallen apart. Again, Koniditsiotis testified that it had not fallen apart when he saw it immediately after the incident, and that he saw nothing wrong with it. Allnet, the manager, testified that no steps had been repaired or discarded between the time of the accident and her deposition.
The only apparent dispute as to this fact is found in plaintiffs affidavit, filed the day before the summary judgment hearing. However, a careful reading of that document discloses that plaintiff does not represent that the step was defective or came apart, but only that she "believed" these assertions. Under La.Code Civ. Pro., Art. 967, affidavits submitted in summary judgment proceedings are to be made on "personal knowledge." This affidavit is not so based, but rather recites a belief as to certain facts. As such, it is speculation and has no probative value establishing these facts.
We also note an additional problem with this affidavit. All during discover plaintiff represented that she did not know if the step had fallen apart and had no evidence to establish that it was defective in any way. On the day before the hearing she suddenly asserts that the step fell apart and was defective, and attempts to use these assertions to establish a dispute as to material fact. No explanation of this change in testimony is provided, such as *656 new discovery or expert reports. In Douglas v. Hillhaven Rest Home, Inc., 97-596 (La.App. 1st Cir. 4/8/98), 709 So.2d 1079, 1083, the court declined to consider an affidavit where it contradicted a prior deposition, where no issue of fact existed prior to the affidavit, and where no explanation or support for the contradictory statement in the affidavit was offered. We agree with this reasoning and result. Thus, even were the affidavit deemed to have been properly made on personal knowledge, its unexplained contradiction of all of plaintiffs prior statement and admissions during discovery would render it unworthy of consideration.
For the foregoing reasons, the summary judgment in favor of French Riviera Health Spa, Inc. is hereby affirmed.
AFFIRMED.