828 So.2d 1194 (2002)
Michael GEORGE
v.
DOVER ELEVATOR COMPANY, Christian Health Ministries, d/b/a Southern Baptist Hospital, Liberty Mutual Insurance Company, and St. Paul Fire & Marine Insurance Company.
No. 2002-CA-0821.
Court of Appeal of Louisiana, Fourth Circuit.
September 25, 2002.
Writ Denied December 13, 2002.
*1195 J. Wayne Mumphrey, Wayne B. Mumphrey, Law Offices of J. Wayne Mumphrey, Chalmette, LA, and Raymond A. Pelleteri, Jr., Pelleteri, Wiedorn & Brouillette, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
David J. Schexnaydre, Christopher J. Aubert, Wade D. Rankin, Aubert & Pajares, L.L.C., Covington, LA, for Defendant/Appellee.
Charles A. Boggs, Boggs, Loehn & Rodrigue, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge TERRI F. LOVE, and Judge MAX N. TOBIAS, Jr.).
BYRNES, Chief Judge.
Plaintiff-appellant, Michael George, and cross claimants/third party plaintiffs/appellants, Christian Health Ministries, d/b/a Southern Baptist Hospital, and St. Paul Fire and Marine Insurance Company, appeal a summary judgment of the trial court dismissing their claims against the defendants-appellees, Dover Elevator Company and Liberty Mutual Insurance Company.
Plaintiff, Michael George, allegedly sustained injuries in an elevator in the Napoleon Medical Plaza while en route to see his surgeon, Dr. Bourgeois, who had an office on the sixth floor of the building. According to the plaintiff, he boarded elevator # 22 and pushed the button to the sixth floor. Prior to arriving at the sixth floor the elevator stopped and took on a passenger who was en route to the fifth floor. Plaintiff pushed the fifth floor button for the passenger and the elevator rose to the sixth floor where the door opened without incident. However, there was an unusual delay before the door to the elevator closed and it began to rise at which time plaintiff noticed a jolting and bouncing as the elevator continued to rise until it came to an abrupt stop five or six feet above the fifth floor landing. It then seemed to the plaintiff that the elevator dropped a foot or so. Plaintiff, who at the time was convalescing from recent back surgery performed by the aforementioned Dr. Bourgeois, was thrown off balance and fell backward, striking his back against the hand rail at the back of the elevator. Plaintiff then fell to the floor, striking his head and neck against the back of the elevator.
The elevator did not resume its ascent to the sixth floor in spite of the fact that the sixth floor button remained illuminated and the doors would not open. He used the elevator phone to report that he was *1196 injured and stuck between floors. Shortly thereafter, three men got the door opened and helped the plaintiff out of the elevator.
Plaintiff sued the building owner, Christian Health Ministries, d/b/a Southern Baptist Hospital, and its insurer, St. Paul Fire & Marine Insurance Company (hereinafter referred to collectively as "Baptist"), and the elevator maintenance manufacturer and contractor, Dover Elevator Company and its insurer, Liberty Mutual Insurance Company (hereinafter referred to collectively as "Dover") for the damages sustained in the elevator accident. Baptist filed a cross-claim against Dover seeking indemnification under the Master Maintenance Agreement between Baptist and Dover or contribution among joint tortfeasors.
On November 15, 2000, Dover filed a motion for summary judgment asking to have the claims of the plaintiff and Baptist dismissed. Baptist filed an opposition on January 8, 2001. The hearing on the motion was continued before the plaintiff filed his opposition. Dover filed a motion to reset the hearing on August 6, 2001, along with a supplemental memorandum in support of its motion. The court set the hearing for November 2, 2001, but the hearing was continued by means of oral notification until November 8, 2001. Baptist again filed an opposition. On November 2, 2001, plaintiff filed his opposing memorandum with exhibits. Because counsel for Baptist had a conflict, the hearing was once again continued, until January 11, 2002. On January 11, 2002, Dover filed an objection to the countervailing affidavit of plaintiff's expert witness and a reply to plaintiff's opposition memorandum. The trial court took no action on Dover's motion to exclude plaintiff's expert's affidavit. On January 11, 2002, Dover's motion for summary judgment was heard and granted. No reasons were separately stated, but the trial court did designate the judgment as final pursuant to LSA-C.C.P. art.1915.
Plaintiff in his brief does not specifically designate any assignments of error as such. Instead, plaintiff in the conclusion to his brief states that:
The Trial Court was clearly wrong when it granted summary judgment in a case in which the plaintiff clearly showed that the existence of a genuine issue of material fact on both elements Dover claimed he could not prove, pursuant to Article 966(C)(2), La.C.C.P.
We infer that the "both elements" referred to in the conclusion of plaintiff's brief is a reference to his earlier statement in the brief concerning Dover's assertion that plaintiff was unable to establish the fact that Dover had garde over the elevator, which fact was essential to plaintiff's strict liability claim and to Dover's contention that the plaintiff was unable to show that Dover was negligent.[1] Accordingly, we will treat these two "elements" as plaintiff's assignments of error.
Plaintiff bases his appeal primarily on the affidavit of his elevator "expert," Mr. Robert Edward "Eddie" Maguire. Dover's first objection to Mr. Maguire's affidavit is that, although it is dated December 7, 2000, it was not filed until November 1, 2001[2], less than one full day *1197 before the hearing on the summary judgment motion scheduled for the following day, November 2, 2001. Dover contends that the timing of the filing of the affidavit was in contravention of the "72 hour rule" found in Rule 8, Section 2 of the then effective local rules of court as well as LSA-C.C.P. art. 966B. However, as the hearing originally set for November 2, 2001, was ultimately continued until January 11, 2002, we find that any violation of the "72 hour rule" was thereby cured.
Dover also objected to Mr. Maguire's affidavit because it conflicts with his deposition testimony given on April 4, 2001. Dover contends that:
Either the date on the affidavit was correct and the deposition testimony of Mr. Maguire's deposition represented a revised opinion, or the affidavit's date was incorrect and it represented an improper attempt to alter sworn deposition testimony.
An inconsistent affidavit offered only after the motion for summary judgment was filed is not sufficient to create a genuine issue of material fact where no justification for the inconsistency is offered. Douglas v. Hillhaven Rest Home, Inc., 97-0596 (La.App. 1 Cir. 4/8/98), 709 So.2d 1079, 1083; McLaughlin v. French Riviera Health Spa, Inc., 99-546 (La.App. 5 Cir. 10/26/99), 747 So.2d 652; LeBlanc v. Dynamic Offshore Contractors, Inc., 626 So.2d 16 (La.App. 1 Cir.1993). This is to prevent the too easy thwarting of summary judgment procedure by the mere filing of an affidavit contradicting inconvenient statements found in previous deposition testimony when the mover has no opportunity to cross-examine the witness concerning the inconsistencies and the trial court is prevented from weighing evidence by the rules of summary judgment.
The sequence of events in this case regarding Mr. Maguire's affidavit and deposition appears to be unique. Assuming that the affidavit was dated when it purports to be, a fact we are unable to challenge based on the record before us, it was confected on December 7, 2000, subsequent to the filing of Dover's motion for summary judgment, but long prior to the initial fixing of the hearing on that motion and long prior to the time that any inconsistency can be said to have arisen in connection with Mr. Maguire's deposition taken on April 4, 2001. Therefore, assuming that the December 7, 2000 date on the affidavit is correct (the only assumption that this court is permitted to make at this stage of the proceedings) we cannot conclude that the affidavit was confected with the purpose of "correcting" problems created by a prior deposition when no prior deposition existed at the time. Therefore, we find that the affidavit of Mr. Maguire in this case does not fall within the category of subsequently filed conflicting affidavits which the courts refused to consider in the Douglas, McLaughlin, and LeBlanc cases, supra. That is not to say that this Court is not troubled by apparent inconsistencies in testimony, but as was pointed out in LeBlanc and other cases too numerous to mention: "Conflicts in testimony are generally for the jury to resolve." Id., 626 So.2d at 21.
As to Dover's complaint that the existence of Mr. Maguire's affidavit was not disclosed in the deposition, we are unable to conclude, based on the record before us, that any bad faith was involved. Dover has failed to refer this Court to any place in the deposition where Mr. Maguire was asked about any prior statements or affidavits he may have given.
Dover contends that the appellants presented nothing below to support their assertions other than "the unsupported *1198 speculation of an alleged expert witness," a reference to Mr. Maguire. However, in a footnote to that statement, Dover states that:
Because the issue does not need to be reached for the purposes of determining the appropriateness of summary judgment, it will be assumedsolely for the purposes of appealthat Mr. Maguire is qualified to render an opinion as an expert.
As we have already concluded that we cannot disregard the affidavit either because of its timing or because of its inconsistencies vis-a-vis Mr. Maguire's subsequent deposition testimony, and as Dover has chosen at this stage of the proceeding not to challenge Mr. Maguire's expert status, we have little choice but to include Mr. Maguire's affidavit in our deliberations.
Accordingly, we find that the statement in Mr. Maguire's affidavit asserting that an elevator service adjuster (a level of mechanic with greater experience than a route mechanic) should have been sent by Dover to check out the elevator is sufficient to raise a genuine issue of material fact as to Dover's negligence in sending out a mere route mechanic. If Mr. Maguire's testimony at trial on this point is of sufficient weight and credibility to convince the fact finder at trial, matters that cannot be determined by this Court in reviewing this summary judgment, plaintiff may bear his "evidentiary burden of proof at trial." Therefore, the appellants have done what they need to do under LSA-C.C.P. art. 966C(2) to defeat Dover's motion.
Baptist also assigned as error the failure of the trial court to find that Dover had an obligation to indemnify Baptist. In support of this assignment of error, Baptist refers to a "Service Indemnity Agreement" dated November 30, 1990 containing the following relevant language:
Contractor agrees to indemnify and hold harmless Owner, its officers, directors and employees from any claims or liability for personal injury or property damage asserted against Owner by any third party not employed by Contractor and any costs and expenses of Owner incurred in the defense of such claims, including reasonable attorney's fees and court costs, where the proximate cause of such claims, liability, injury, damage, cost or expense is the negligent act(s) of Contractor or its employees or Contractor's breach of this by the Owner or its employees or breach of this Agreement by Owner is also a proximate cause of such claims, liability, injury, damage, cost or expense. Owner is required to give Contractor prompt notice of the occurrence of any claim.
Although Baptist raised this issue in its brief filed with this Court on May 30, 2002, Dover makes no mention of this issue in its brief filed on June 18, 2002, preferring instead to concentrate its argument on the negligence and strict liability issues. We find that the above quoted language, unchallenged by Dover, is sufficient to raise a genuine issue of material fact regarding Dover's obligation to indemnify Baptist.
For the foregoing reasons and based upon our de novo review, the judgment of the trial court is reversed and the case remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Baptist also assigned as error the failure of the trial court to find that a genuine issue of material fact existed concerning Dover's negligence.
[2] Although the certificate of service on the plaintiff's opposition to Dover's motion for summary judgment to which the affidavit was annexed is dated November 1, 2001, the date stamp of the clerk of court shows that it was filed on November 2, 2001. We take judicial notice that November 1, 2001 was a legal holiday. LSA-R.S. 1:55.