866 So.2d 228 (2004)
Earline HUTCHINSON
v.
KNIGHTS OF COLUMBUS, COUNCIL NO. 5747, Rebel Amusements Rides, Inc., and St. Paul Fire and Marine Insurance Company.
No. 2003-C-1533.
Supreme Court of Louisiana.
February 20, 2004.
*230 Thomas R. Hightower, Jr., PLC, Thomas R. Hightower, Lafayette, Jr., Patrick Wade Kee, for applicant.
The Law Offices of Darleen M. Jacobs, Darleen Marie Jacobs, Alfred A. Sarrat, Jr., Robert A. Preston, Jr., New Orleans, for respondent.
WEIMER, Justice.[1]
We granted a writ in this matter to consider whether, in a case involving a trip and fall at a festival, the court of appeal's reversal of a summary judgment was contrary to statutory provisions and established jurisprudence. After review, we conclude the court of appeal did not err.

FACTS AND PROCEDURAL BACKGROUND
During March of 1998, David M. and Earline Hutchinson visited the Crawfish Festival in Chalmette, Louisiana. They entered the festival grounds between two amusement rides and exited the same way. As they were leaving, Mrs. Hutchinson tripped and fell on electric cables that were being used to power the rides.
Mrs. Hutchinson filed this personal injury action against the Knights of Columbus, Council No. 5747(KCs); Rebel Amusement Rides, Inc. (Rebel); and St. Paul Fire and Marine Insurance Company (St.Paul). Her petition alleges the defendants were negligent in allowing the electric cable lines that serviced an amusement ride to cross a "pedestrian walkway" without being painted yellow or without proper caution signs in the area where the cables were located.
After taking the plaintiff's deposition, defendants moved for summary judgment. In support of their motion, they filed portions of plaintiff's deposition testimony. Mrs. Hutchinson stated she entered and exited the festival grounds on the pavement "between two rides." She looked for an entrance but did not see one; she and her husband entered where they saw other people going through the "ride areas." When exiting, she tripped on a "bundle of [black] cables" that were piled together and were running across the "path of the pavement." She did not know if the cables were "piled together ... sitting on top of each other" or were running next to each other.
Also in support of their motion for summary judgment, defendants filed an affidavit by Korklyn Thibodeaux, Rebel's office manager. He attested the area where plaintiff fell "was not a pedestrian walkway, but rather was an area designated for the placement of electrical ... cables, necessary to provide electrical power to the midway." Thibodeaux further stated there were "sufficient designated walkways at the Crawfish Festival to allow for ingress and egress ... including a designated entrance and exit." Most importantly, the affidavit states "[t]hat at the time of the alleged fall, barricades were in place for the purpose of restricting access to the area where plaintiff claims to have sustained injury.... [I]n order for plaintiff to have accessed the area ... she would have had to circumvent the barricade, *231 which restricted access to the non-pedestrian area."
In response to defendants' motion and the accompanying affidavit, plaintiff filed affidavits that she and her husband executed. The Hutchinsons stated they looked for an entrance to the fairgrounds and, seeing none, followed others onto the fairgrounds between the two rides. Both stated: "We did not have to cross any barricades to enter or exit the festival. The barricades I saw surrounded individual rides. There were no barricades across any of the pedestrian pathways. There was nothing to keep anyone from walking between any of the rides."
The plaintiff and her husband also attested to statements made at the scene of the fall by Charles Deubler, the KCs' Grand Knight and festival safety coordinator. Mr. Hutchinson stated: "Charles Deubler Sr. came to the scene and ... said ['] I told these people about these wires. I am going to stand here until someone comes and covers up these wires so no one else will trip on them.'" Mrs. Hutchinson stated: "Charles Deubler Sr. came to the scene and ... said the cables should not have been where they were. The cables should have been covered and out of the pathway."
Additionally, in opposition to defendants' motion for summary judgment, plaintiff filed excerpts from her deposition that corroborated the references to Deubler's alleged statements contained in her affidavit. In her deposition she testified the safety coordinator "was fussing about" the cables. "He said they ... shouldn't have been there, they should be covered and out of... the pathway." Plaintiff stated Deubler told her he had been safety coordinator for 18 years and that he had to "make sure that everything is safe and no one gets injured."
Defendants, in turn, responded to the plaintiff's opposition by filing an affidavit by Deubler. He, too, stated the area where Mrs. Hutchinson fell had been "designated" as the area for the electrical cables and that there were barricades cordoning off the area of the fall from the public which plaintiff would have had to "circumvent" in order to enter and exit there. Further, Deubler admitted going to the scene of the fall but attested "[t]hat the electrical cords, wires, and/or cables complained of by plaintiff were properly laid out in the designated area in a neat and safe fashion." (Emphasis supplied.) Deubler's description of the cablesthat the cables posed no safety hazardis contrary to the admission the Hutchinsons claim he madethat the cables were not in a safe position. However, Deubler's affidavit does not specifically deny making the statements attributed to him by the Hutchinsons at the scene of the accident.
Despite the fact the issue of barricades was first raised in Thibodeaux's affidavit, after plaintiff's deposition, the trial court found that "[a]lthough plaintiff attempted to present an affidavit on behalf of herself, the Court found same to be totally self-serving, in contradiction of sworn deposition testimony and therefore, disregarded." Apparently on the ground that defendants' motion for summary judgment was insufficiently opposed, the trial court granted the motion.
The court of appeal rejected defendants' complaint that the plaintiff's affidavit was inconsistent with her deposition testimony. Concluding there were genuine issues of material fact disputed by the parties, the court of appeal reversed the summary judgment and remanded the case for further proceedings.

DISCUSSION
Summary judgment:
Defendants' threshold argument to this court is two-fold: first, that the court *232 of appeal erred in considering the plaintiff's affidavit because the issue of the affidavit's admissibility was not properly before that court; and second, that the plaintiff's affidavit contradicted her deposition testimony and was correctly disregarded by the trial court according to the jurisprudence.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Emphasis supplied.) LSA-C.C.P. art. 966(B). Affidavits in support of or in opposition to motions for summary judgment must be filed into evidence at the hearing on the motion or filed into the record in order for the affidavits to be part of the record on appeal. LSA-C.C.P. art. 966; Hopper v. Crown, 560 So.2d 890, 892 (La.App. 1 Cir.1990). Mrs. Hutchinson's affidavit, filed into the record as part of her opposition to defendants' motion for summary judgment, was part of the record on appeal which the court of appeal could consider. Thus, there was no "admissibility" question on appeal as defendants now assert.
Further, defendants' assertion that it was necessary for plaintiff to specifically urge as error in the court of appeal the trial court's disregarding of her affidavit is without merit. We agree with plaintiff that her assignment of error challenging the summary judgment as improperly granted was broad enough to encompass the argument that her affidavit was improperly disregarded. In its de novo review of the record[2], the appellate court was free to look at the evidence afresh and decide for itself whether to disregard the affidavit, without deference to what the trial court did in this regard. Thus, the first prong of defendants' threshold argument is without merit.
Nor is there merit to the second prong of defendants' threshold argument: that plaintiff's affidavit contradicted her deposition testimony. The court of appeal correctly analyzed the allegedly conflicting statements, as follows:
Specifically, the defendants complain that, in her deposition, the plaintiff testified that she entered and left the festival "between two rides" and that, in her affidavit, the plaintiff states that she entered on a "pedestrian walkway".[[3]] Actually, the plaintiff's affidavit specifically states that she and her husband "walked into the festival between two rides". Thus, the affidavit and the deposition are not inconsistent.
*233 Hutchinson v. Knights of Columbus, Council No. 5747, 02-1817, p. 3 n. 1 (La. App. 4 Cir. 5/7/03), 847 So.2d 665, 667 n. 1.
Despite this analysis by the appellate court, in brief to this court defendants rely on a statement in George v. Dover Elevator Company, 02-0821, pp. 4-5 (La.App. 4 Cir. 9/25/02), 828 So.2d 1194, 1197, writ denied, 02-2641 (La.12/13/02), 831 So.2d 992, that an inconsistent affidavit offered only after the filing of a motion for summary judgment is insufficient to create a genuine issue of material fact where no justification for the inconsistency is offered.[4] Although this is a correct statement of the jurisprudence cited in George, it is inapplicable where the affidavit and the deposition testimony are not inconsistent. Thus, the trial court should not have rejected plaintiff's affidavit.[5]
Material facts:
In 1997, LSA-C.C.P. art. 966 was amended to alter the burden of proof in summary judgment proceedings.[6] Under the amended statute, the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, if the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Hardy v. Bowie, 98-2821, pp. 4-5 (La.9/8/99), 744 So.2d 606, 609-610.
Even if one were to consider Mrs. Hutchinson's use of different terms ("pedestrian pathway" versus "between two rides") as supportive of defendants' argument, significant support for the appellate court's conclusion that there are genuine issues as to material facts is found in contradictions between the Hutchinsons' affidavits and the affidavit of safety coordinator Deubler. As noted previously, Deubler's description of the cables in his affidavit is contrary to the admission the Hutchinsons claim he made. The Hutchinsons state the KC safety coordinator told them the pathway should have been clear of uncovered cables. If the Hutchinsons' *234 statements are true, Deubler made an admission that a hazardous condition existed. However, whether the Hutchinsons' statements ultimately prove to be credible is a determination for the factfinder, not to be determined on the basis of competing affidavits.
It is impossible to ascertain, from the record presently constituted, whether the distance between the rides was so narrow that pedestrians were alerted not to pass or whether the area was open such that passage was invited. Plaintiff, in her affidavit and her deposition, swore Deubler referred to the area as a "pathway," indicating pedestrian access was invited. The Hutchinsons stated they followed others through the area, an additional indication this area was perceived to be a pedestrian pathway.
Positioning barricades to prevent pedestrians from traversing an area represents a far different situation from one which involves no barricades. Positioning of barricades to prevent pedestrian passage in an area may warn that the area represents a potentially hazardous area to pedestrians. Nevertheless, diametrically divergent facts regarding the use of barricades emerge from a comparison of the competing affidavits. Defendants' affiants swear barricades prevented access to the area of the fall, requiring the plaintiff to circumvent the barricades to access the area of the fall. Plaintiff's affiants swear the barricades were not positioned to prevent access.
A trial judge cannot make credibility determinations on a motion for summary judgment. A party seeking a summary judgment is entitled to a favorable judgment only if "there is no genuine issue as to a material fact" and, thus, the "mover is entitled to judgment as a matter of law." (Emphasis added.) LSA-C.C.P. art. 966(B). The credibility of a witness is a question of fact. Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973). In deciding a motion for summary judgment, the court must assume that all of the affiants are credible. Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181, 99-2257, pp. 16-17 (La.2/29/00), 755 So.2d 226, 236. The sworn affidavits of the plaintiff and her husband cannot be evaluated to determine whether they are credible at the motion for summary judgment stage.
In our review of the lower courts' actions, we simply cannot say as a matter of law, with the facts at issue still unresolved, that the plaintiff is not entitled to present her case to a factfinder at a trial. Although the standard for granting a motion for summary judgment no longer encompasses a presumption in favor of trial on the merits, a trial is designed to evaluate the facts when credibility is at issue.
Defendants' duty:
In the instant case, the trial court stated that "defendants did not violate any duty owed to plaintiff under the facts of this case." The trial court judge based this conclusion on his findings that plaintiff "voluntarily" entered an area, not designated as a walkway, where the presence of electric cables was "open and obvious."
It is accurate to state that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. Pitre v. Louisiana Tech University, 95-1466, 95-1487, p. 11 (La.5/10/96) 673 So.2d 585, 591; see also, Williams v. Leonard Chabert Medical Center, 98-1029, p. 8 (La.App. 1 Cir. 9/26/99), 744 So.2d 206, 211, writ denied, *235 00-0011 (La.2/18/00), 754 So.2d 974. Specifically, in a trip and fall case, the duty is not solely with the landowner. A pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear. Williams, 98-1029 at 8, 744 So.2d at 211. The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the landowner. Id.
However, as the court of appeal in the instant case noted, whether a condition is unreasonably dangerous requires consideration of: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature. Hutchinson, 02-1817 at 4-5, 847 So.2d at 668. From the affidavits in the record, a genuine issue of material fact remains as to whether a tripping hazard extended through a pedestrian pathway.
Our decision to affirm the court of appeal in no way suggests that those who sponsor and operate festivals and fairs are the insurers of the safety of those who attend. Throughout Louisiana, those who sponsor and operate fairs and festivals provide a valuable service to the host communities and to various charities by way of social and economic benefits. The duty sponsors and operators owe to patrons of their events is one of reasonable care, commensurate with the potential dangers posed by their operations. The concept was aptly explained many years ago, as follows:
It is the well settled general rule that the proprietor of a place of amusement is not an insurer of the safety of his patrons.... He is bound to exercise only the degree of care that would be expected of an ordinarily careful and prudent person in his position, and his duty is fulfilled when he makes the place as little dangerous as such a place can reasonably be made, having regard to the contrivances necessarily used in conducting such a place.
Sistrunk v. Audubon Park Natatorium, 164 So. 667, 669 (Ct. of App. Orleans 1935).[7]
Our decision to affirm at this stage of the proceedings is no indication as to which party should ultimately prevail. As noted, the defendants do not owe a duty to guard against open and obvious dangers in areas where pedestrians should not tread, and patrons of festivals and fairs, alert to the necessarily temporary and makeshift nature of such operations, have a duty to observe what can and should be seen and act accordingly to protect themselves. This being said, however, one cannot make credibility determinations in a motion for summary judgment as the trial court did in this case.

CONCLUSION
The conflicting affidavits establish genuine issues of material fact as to whether precautions should have been taken with respect to the positioning of the cables and whether the plaintiff traversed an area off limits to pedestrians.
*236 The court of appeal exercised its proper judicial function and did not decide these matters based on the conflicting statements contained within the existing record. We find no error in the court of appeal's reversal and remand.
AFFIRMED.
KNOLL, J., dissents and assigns reasons.
KNOLL, Justice, dissenting.
For the following reasons, I respectfully disagree with the majority opinion. In my view, the present case does not rise or fall on whether barricades were present or whether the wires were covered. I find the trial court properly granted summary judgment as a matter of law because there is an absence of factual support for an essential element of plaintiff's claims and she has not shown she will satisfy her evidentiary burden of proof at trial. This is precisely why summary judgment is now favored in law.
It is well established that a summary judgment is appropriate if the moving party shows there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LA. CODE CIV. PROC. ANN. art. 966(B). It is likewise well understood the movant's burden on the motion for summary judgment does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court there is an absence of factual support for one or more elements essential to the adverse party's claim. LA.CODE CIV. PROC. ANN. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial, there is no genuine issue of material fact and summary judgment is appropriate. LA.CODE CIV. PROC. ANN. art. 966(C)(2). Applying those codal standards, we have held summary judgment is appropriate when the plaintiff has failed to produce factual support sufficient to establish that he would satisfy his evidentiary burden at trial. Shelton v. Standard/700 Assoc., 01-0587 (La.10/16/01), 798 So.2d 60, 66.
In the present case, in order to prevail at trial the plaintiff, inter alia, has the burden of proving the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises. See Kerry v. Basco, 96-289 (La.App. 3 Cir. 10/9/96), 687 So.2d 420, 422; Morell v. City of Breaux Bridge, 94-1378 (La.App. 3 Cir. 5/31/95), 660 So.2d 882.
The duty which a landowner owes to persons entering his property is governed by a standard of reasonableness, and a potentially dangerous condition that should be obvious to all is not unreasonably dangerous. Butzman v. Louisiana Power and Light Co., Inc., 96-2073 (La.App. 4 Cir. 4/30/97), 694 So.2d 514. Where a risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable. Id.; Henshaw v. Audubon Park Com'n, 605 So.2d 640 (La.App. 4 Cir.), writ denied, 607 So.2d 570 (La.1992).
While the "open and obvious" argument suggests a disguised application of contributory negligence or assumption of the risk, when the risk is open and obvious to everyone, the probability of injury is low and the risk may be outweighed by the thing's utility. Consequently, when the risk is open and obvious, the thing may not be unreasonably dangerous, or ... the defendant may not have failed to exercise reasonable care.
FRANK L. MARAIST & THOMAS C. GALLIGAN, LOUISIANA TORT LAW § 14-3 (1996). Moreover, although parties have an obligation to maintain pedestrian walkways in a reasonably *237 safe condition, it is equally well established a pedestrian has a duty to see that which should have been seen. See Boddie v. State, 27,313 (La.App. 2 Cir. 9/27/95), 661 So.2d 617. A pedestrian is not required to look for hidden dangers, but she is bound to observe her course in order to see if her pathway is clear. Id.; Carr %65 3v. Covington, 477 So.2d 1202 (La.App. 1st Cir.1985), writ denied, 481 So.2d 631 (La.1986).
In the present case, the plaintiff and her husband entered the festival between the rides and they crossed the neatly bundled electrical cables. At that time, the plaintiff successfully negotiated the pathway and safely entered the festival grounds. Approximately four hours later, however, the plaintiff attempted to exit the festival grounds at the same spot she entered, encountered the same neatly bundled electrical cables, but fell.[1] The condition was open and obvious. This is a material fact not in dispute. The plaintiff did not show how this condition posed an unreasonably dangerous condition. In my view, the plaintiff's absence of factual support for this essential element entitles defendants to summary judgment as a matter of law. Accordingly, I find the trial court properly dismissed plaintiff's case on a motion for summary judgment as a matter of law because plaintiff did not show she could satisfy her evidentiary burden of proof at trial.
NOTES
[1] Retired Judge Walter I. Lanier, Jr., sitting ad hoc for Johnson, J., recused.
[2] Article 966 was amended in 1996 to provide that summary judgment procedure is favored. LSA-C.C.P. art. 966(A)(2). Since a 1997 amendment to Article 966, Louisiana's standard for summary judgment has been closely aligned with the federal standard under Fed. Rule Civ. Proc. 56(c). When sufficient time has been allowed for discovery, the courts will assess the proof submitted by the parties equally, without the former presumption in favor of trial on the merits, in order to dismiss meritless litigation. Hardy v. Bowie, 98-2821, pp. 4-5 (La.9/8/99), 744 So.2d 606, 609-610, quoting Hayes v. Autin, 96-287 (La. App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. Under this standard, the appellate courts review motions for summary judgment de novo. Id. 98-2821 at 6, 744 So.2d at 610. In conducting a de novo review, appellate courts use the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
[3] Although of no real significance, being merely a matter of semantics, we note that plaintiff's deposition contains the term "pedestrian pathways." Plaintiff's petition uses the term "pedestrian walkway."
[4] The court explained the rationale for rejecting the inconsistent affidavit is "to prevent the too easy thwarting of summary judgment procedure by the mere filing of an affidavit contradicting inconvenient statements found in previous deposition testimony when the mover has no opportunity to cross-examine the witness concerning the inconsistencies and the trial court is prevented from weighing evidence by the rules of summary judgment." George, 02-0821 at 5, 828 So.2d at 1197.
[5] Although the appellate court and the parties did not mention the fact that there was no basis for disregarding Mr. Hutchinson's affidavit, we note the following inconsistency in the trial court's ruling. Mr. Hutchinson's affidavit should not have been disregarded as conflicting with Mrs. Hutchinson's deposition testimony under the holding in George, supra. Stated another way, there was no deposition testimony of Mr. Hutchinson submitted. Thus, there was no other evidence from him to contradict his affidavit.
[6] Article 966(C)(2) provides:

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
[7] Cf. Gilliam v. Serrano, 162 So.2d 32 (La. App. 1 Cir.), writ denied, 246 La. 77, 163 So.2d 356 (La.1964) (Amusement ride's operator has heightened duty when young children are involved.)
[1] The defendants point out plaintiff's deposition testimony was that the cables were bundled neatly and that she had turned her head toward her husband at the time of her trip-and-fall.