STERLING SAYLOR,
v.
LOIS VIGUET AND LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY.
No. 2009 CA 1686.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication
GARY P. KOEDERITZ, Baton Rouge, LA, Attorney for Plaintiff/Appellant, Sterling Saylor.
JAMES L. HILBURN, CHRISTOPHER STIDHAM, ANDREW W. RALSTON, Baton Rouge, LA, Attorneys for Defendants/Appellees, Lois Viguet and Louisiana Farm Bureau Mutual Insurance Company.
Before: CARTER, C.J., GUIDRY and PETTIGREW, JJ.
CARTER, C.J.
Sterling Saylor appeals the judgment of the trial court that granted summary judgment and dismissed his claims against Lois Viguet, the driver of the car that struck his truck, and her insurer, Louisiana Farm Bureau Mutual Insurance Company.

FACTS AND PROCEDURAL HISTORY
Saylor and Viguet were involved in a head-on collision on Louisiana Highway 69, a two-lane, rural highway in Iberville Parish. The accident occurred on January 12, 2007, at approximately 6:26 a.m. Viguet was traveling northbound in a Honda Civic. Saylor was traveling southbound in a Ford F-150 truck and towing a boat. As the vehicles approached each other, Viguet's vehicle struck a deer, which caused her front driver's side tire to lock up and pull her into the southbound lane of travel. The vehicles collided head-on. Both parties sustained injuries.
Saylor fded suit against Viguet and her insurer, alleging that Viguet was negligent in causing the accident. Viguet moved for summary judgment on the basis that the accident was caused by the deer running into the path of her vehicle and that the accident was unavoidable or inevitable, thus relieving Viguet of liability. The trial court granted the motion for summary judgment and dismissed Saylor's claims. Saylor now appeals.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. It should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial, the movant's burden does not require her to negate all essential elements of the adverse party's claim. Rather, the movant need only show that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966C(2); LeBlanc v. Bouchereau Oil Co., Inc., 08-2064 (La. App. 1 Cir. 5/8/09), 15 So.3d 152, 155, writ denied 09-1624 (La. 10/16/09), 19 So.3d 481. If, however, the movant fails in her burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the movant is not entitled to summary judgment. LeBlanc, 15 So.3dat 155.
Appellate courts review summary judgment de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Granda v. State Farm Mut. Ins. Co., 04-2012 (La. App. 1 Cir. 2/10/06), 935 So.2d 698, 701. Material facts are those that potentially ensure or preclude recovery, affect the litigant's success, or determine the outcome of a legal dispute. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Gomon v. Melancon, 06-2444 (La. App. 1 Cir. 3/28/07), 960 So.2d 982, 984, writ denied, 07-1567 (La. 9/14/07), 963 So.2d 1005; LeBlanc, 15 So.3d at 155.
Viguet contends she should be relieved of liability by operation of the sudden emergency doctrine, which our supreme court has described as follows:
One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.
Hickman v. Southern Pac. Transport Co., 262 La. 102, 112-113, 262 So.2d 385, 389 (La. 1972). It is the unanticipated hazard that forms the foundation for sudden emergency, such as an animal darting into the road. Fontenot v. Boehm, 512 So.2d 1192, 1994 (La. App. 1 Cir. 1987).
In her affidavit submitted in support of her motion for summary judgment, Viguet attested that on the morning of the accident, "[i]t was cloudy, dark, and the road surface was wet." Viguet stated that she was driving in a safe and prudent manner, with her headlights on. Viguet described that "[s]uddenly and without warning, a deer ran directly into the roadway and into [her] lane of travel."
Viguet also submitted the deposition testimony of Louisiana State Police Trooper Benny Taylor, who has trained as an accident reconstructionist. Trooper Taylor investigated the accident and determined that Viguet struck the deer, which caused her left front tire to lock, which then caused Viguet to swerve left into Saylor's lane of travel. The deer remained lodged under Viguet's car during Trooper Taylor's investigation. Trooper Taylor testified that Viguet did not indicate when she first saw the deer, where it came from, or how long it had been there, only that the deer ran out in front of her.
In opposition to the motion for summary judgment, Saylor submitted his own affidavit and that of his passenger, George W. Jenkins. Saylor attested that as he traveled southbound, he observed a deer standing broadside to traffic in the northbound lane and another standing on the shoulder near the southbound lane. Saylor stated he observed Viguet's vehicle travel toward the deer for a period of forty to forty-five seconds before it impacted the deer. Jenkins similarly attested that he observed the two deer and that he observed Viguet's vehicle travel toward the deer in the northbound lane for a period of approximately twenty seconds before striking it.
As noted by this court in Manno v. Gutierrez, 05-0476 (La. App. 1 Cir. 3/29/06), 934 So.2d 112, 117, "application of the sudden emergency doctrine requires factual determinations concerning whether the driver was confronted with imminent peril and whether there was sufficient time to consider and weigh the circumstances in order to take action to avoid an impending danger." In the instant matter, we find that there remain genuine issues of material fact regarding whether Viguet had sufficient time to consider and weigh the circumstances in order to take action to avoid striking the deer.[1] Accordingly, the judgment of the trial court is reversed.[2]

CONCLUSION
Finding that genuine issues of material fact regarding applicability of the sudden emergency doctrine remain, the trial court's judgment is reversed. This matter is remanded for further proceedings. Costs of this appeal are assessed to Lois Viguet and Louisiana Farm Bureau Mutual Insurance Company.
REVERSED AND REMANDED.
NOTES
[1] On appeal, Viguet argues that the assertions made by Saylor and Jenkins in their affidavits (including the ability to see a deer in the roadway, in the dark, and at a distance of between XXXX-XXXX feet away) could not be believed by a reasonable trier of fact such that they do not create genuine issues of material fact. However, issues of fact remain as to the lighting at the time, the road conditions, etc. Moreover, issues of credibility cannot be resolved by the court in deciding a motion for summary judgment. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226, 236. Rather, in deciding a motion for summary judgment, the court must assume that all of the affiants are credible. Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La. 2/20/04), 866 So.2d 228, 234.
[2] Having determined that genuine issues of fact remain that require reversal of the trial court's judgment, we pretermit discussion of Saylor's arguments relating to the police accident report.