BELSOME, J.,
concurs with reasons.
111 agree with the result reached by the majority but write separately to emphasize that summary judgments deprive litigants of the opportunity to present their evidence to a factfinder and therefore should be granted only when the evidence presented at the motion for summary judgment establishes that there is no genuine issue of material fact in dispute. Independent Fire Ins. Co. v. Sunbeam Corp., 1999-2181, p. 17 (La.2/29/00), 755 So.2d 226, 236. Accordingly, summary judgment is generally inappropriate when a court is faced with competing affidavits. See, e.g., Hutchinson v. Knights of Columbus, Council No. 5747, 2003-1533, p. 8 (La.2/20/04), 866 So.2d 228, 234.
As the majority acknowledges, however, the court in this case was not faced with two competing affidavits. Rather, the court was presented with two affidavits, one of which was conclusory and wholly devoid of specific facts to support the conclusion that Dr. Ferguson did not breach the standard of care. Such affidavits are not sufficient to defeat summary judgment. Cheramie Services, Inc. v. Shell Deepwater Prod., Inc., 2009-1633 (La.4/23/10), 35 So.3d 1053, 1062; Sizeler Prop. Investors, Inc. v. Gordon Jewelry Corp., 550 So.2d 237, 242 (La.App. 4th Cir.1989), writ denied, 551 So.2d 1327 (La. 1989). Thus, under these particular 12facts and circumstances, the trial court’s grant of summary judgment was appropriate. I respectfully concur and join the majority in its reasons for judgment.