# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 19-6


**EXTEMAL KHALAF, ET AL**

**VERSUS**

**MASS RESOURCES, INC., ET AL**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 28,305
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.


**AFFIRMED.**

**Michael J. Vondenstein**
**One Galleria Blvd., Suite 1400**
**Metairie, LA 70011**
**(504) 836-6500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Acadiana Specialty Risks Agency**

**Darrell Keith Hickman**
**720 Murray Street**
**Alexandria, LA 71301**
**(318) 448-6353**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Mass Resources, Inc.**
**Fun Investments, LLC**

**Celeste D. Elliott**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
**601 Poydras Street, Suite 2775**
**New Orleans, LA 70130-6027**
**(504) 568-1990**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**United Specialty Insurance Co.**

**Brandy McClure**
**P. O. Box 665**
**Jonesville, LA 71343**
**(318) 339-7337**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Ektemal Khalaf, as tutrix of Ramie Khalaf**
**Ektemal Khalaf, as tutrix of Omar Khalaf**
**Ektemal Khalaf, as tutrix of Ahmad Khalaf**
**Ektemal Khalaf**

**Myisha Davis**
**Attorney at Law**
**P.O. Box 99**
**Clayton, LA 71326**
**(318) 336-5526**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Mass Resources, Inc.**
**Fun Investments, LLC**

**Alan W. Stewart**
**Gibson Law Partners**
**P. O. Box 52124**
**Lafayette, LA 70505**
**(337) 761-6028**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Four Rivers Insurance Agency, Inc.**

**EZELL, Judge.**

Mass Resources, Inc. and Fun Investments, L.L.C. (herein collectively referred to as Mass Resources) appeal the decision of the trial court below granting summary judgment in favor of Four Rivers Insurance Agency, Inc. For the following reasons, we affirm the decision of the trial court.

This suit originated as a wrongful death suit. The original suit was filed by the family of Tarek Khalaf, who was killed while repairing a pumping unit on an oil well owned by Fun Investments and operated by Mass Resources. Both companies are owned and run by Tarek Khalaf's brother, Emad Khalaf. The original suit alleges that Tarek Khalaf was an employee of Mass Resources with a salary of $150,000.00 per year and that his January 27, 2015, death was the result of Mass Resources' negligence in failing to have a brake on the pumping unit and in failing to properly maintain its equipment.

Mass Resources in turn brought a third-party suit against Four Rivers, Mass Resources' insurance agent, alleging the latter had failed in procuring a commercial general liability policy (CGL), which Mass Resources alleges would have covered Tarek Khalaf's death. During the course of discovery, Mass Resources, through Emad Khalaf, admitted that Tarek Khalaf was an employee of Mass Resources and that he was acting in the course and scope of his employment with them at the time of the accident. Mass Resources further admitted that it had never requested that Four Rivers procure a workers' compensation policy. Those admissions were made directly by Emad Khalaf, verified as true, while the companies were represented by counsel.

After discovery, Four Rivers moved for summary judgment asserting that, because Tarek Khalaf was an employee of Mass Resources in the course and scope

of his employment, workers' compensation law controlled the matter and that, even if it had failed to obtain a CGL, it would not be liable to Mass Resources under the facts of this case. The trial court below agreed, granting summary judgment in favor of Four Rivers. From that decision, Mass Resources appeals.

Mass Resources asserts one assignment of error on appeal, claiming that the trial court erred in granting the motion for summary judgment, as it alleges its amended answers to requests for admission and an affidavit of Emad Khalaf raised genuine issues of material fact.

Mass Resources alleges that any wrongful death damages it may owe would have been covered under a CGL and that Four Rivers' failure to procure such a policy exposed it to recovery for Tarek Khalaf's death. However, La.R.S. 23:1032 "explicitly immunizes defendants from tort liability where the decedent suffers injury or death during the course and scope of employment." *Deshotel v. Guichard Operating Co.*, 03-3511, p. 20 (La. 12/17/04), 916 So.2d 72, 84. As such, had Tarek Khalaf been in the course and scope of his employment with Mass Resources at the time of his accident, workers' compensation would be his family's sole avenue of recovery. This would render any alleged failure on Four Rivers' part to procure a CGL moot, as Mass Resources could not suffer any damages for a failure to obtain such a policy. Our review of the record leads us to the same conclusion as the court below, that there are no genuine issues of material fact and Four Rivers is entitled to judgment as a matter of law.

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . . and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a de novo

2

standard of review. *Jackson v. City of New Orleans*, 12-2742, 12-2743 (La. 1/28/14), 144 So.3d 876, *cert. denied*, ____ U.S. ____, 135 S.Ct. 197 (2014).

The burden of proof is on the mover unless the mover will not bear the burden of proof at trial, in which case the mover is not required to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. La.Code Civ.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Jackson*, 144 So.3d at 882.

Louisiana Code of Civil Procedure Article 1468 (emphasis ours) states that "Any matter admitted under this rule is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission." Emad Khalaf and Mass Resources admitted during discovery that his brother was an employee of the companies and that he was in the course and scope of employment when killed. Thus, these facts are conclusively established unless the trial court permitted them

3

to be amended or withdrawn. The trial court did no such thing. While Mass Resources attempted to amend its answers, it never sought a hearing to be granted leave of court to do so, and no such leave of court was given. Hence, under La.Code Civ.P. art. 1468, the admissions remain unaltered and Mass Resources' amended answers bear no weight. Accordingly, we will ignore Mass Resources' amended answers to the requests for admission, just as the trial court correctly did.

With the amended answers removed from consideration, the lone piece of evidence Mass Resources produced to oppose the motion for summary judgment was the affidavit of Emad Khalaf. Previously, Emad Khalaf and Mass Resources clearly admitted that Tarek Khalaf was both an employee of the companies and in the course and scope of employment when he was injured. When asked in discovery to produce any records that could indicate otherwise, Mass Resources produced nothing. However, when later faced with the current motion for summary judgment, Emad Khalaf allegedly found records which he reviewed indicating Tarek Khalaf was merely an independent contractor to Mass Resources. This alleged proof was not produced in any way.

Where a defendant has succeeded on his initial burden in showing that there is no genuine issue of material fact, shifting the burden to the plaintiff: "[t]he plaintiff may not satisfy this burden by resting on mere allegations or by filing self-serving conclusory affidavits which merely restate those allegations. The mere fact that the plaintiff contests a fact in her allegations is not sufficient to raise a genuine issue concerning those facts." *Sims-Gale v. Cox Commc'ns of New Orleans*, 04-952, p. 5 (La.App. 4 Cir. 4/20/05), 905 So.2d 311, 314 (quoting *Guichard v. Super Fresh/Sav–A–Center, Inc.*, 97-1573, pp. 4–5 (La.App. 4 Cir. 2/4/98), 707 So.2d 1013, 1015.)

4

An inconsistent affidavit offered only after the motion for summary judgment was filed is not sufficient to create a genuine issue of material fact where no justification for the inconsistency is offered. *Douglas v. Hillhaven Rest Home, Inc.*, 97–0596 (La.App. 1 Cir. 4/8/98), 709 So.2d 1079, 1083; *McLaughlin v. French Riviera Health Spa, Inc.*, 99–546 (La.App. 5 Cir. 10/26/99), 747 So.2d 652; *LeBlanc v. Dynamic Offshore Contractors, Inc.*, 626 So.2d 16 (La.App. 1 Cir.1993). This is to prevent the too easy thwarting of summary judgment procedure by the mere filing of an affidavit contradicting inconvenient statements found in previous deposition testimony when the mover has no opportunity to cross-examine the witness concerning the inconsistencies and the trial court is prevented from weighing evidence by the rules of summary judgment.

*George v. Dover Elevator Co.*, 02-821, p. 4 (La. App. 4 Cir. 9/25/02), 828 So.2d 1194, 1197, *writ denied*, 02-2641 (La. 12/13/02), 831 So.2d 992. *See also Rabeaux v. Theriot*, 15-724 (La.App. 3 Cir. 12/9/15)(unpublished opinion).

It is evident that Emad Khalaf's affidavit, which clearly and directly contradicts his prior discovery answers, is nothing more than a last-minute attempt to defeat Four Rivers' motion for summary judgment. It was given after the filing of the motion for summary judgment and has no contracts or other evidence attached. The trial court noted that if Mass Resources had any documentation that Tarek Khalaf was an independent contractor, it failed to produce it. Under the facts before us, the "self-serving affidavit" of Emad Khalaf alone is "insufficient to raise a genuine issue of material fact and, thus, [Four Rivers] was entitled to judgment as a matter of law." *Guilbeau v. Domingues*, 14-328, p. 6 (La. App. 3 Cir. 10/1/14), 149 So.3d 825, 829, *writ denied*, 14-2283 (La. 1/16/15), 157 So.3d 1132. The trial court was correct in its decision to grant Four Rivers' summary judgment, as there is no evidence in the record that Four Rivers caused Mass Resources any damages.

5

For the above reasons, the ruling of the trial court granting summary judgment in favor of Four Rivers is affirmed. Costs of this appeal are hereby assessed against Mass Resources and Fun Investments.

**AFFIRMED.**