# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

BONNIE GUIDRY

VERSUS

ST. TAMMANY PARISH WATER
WORKS DISTRICT NO. 3, THE
PARISH OF ST. TAMMANY, AND
JEFFREY SWIGER AND HETTIE
SWIGER

NO.  2021 CW 1606

**JUNE 8, 2022**

---

In Re:   St. Tammany Parish Water Works District No. 3, Jeffrey
         Swiger and Hettie Swiger, applying for supervisory
         writs, 22nd Judicial District Court, Parish of St.
         Tammany, No. 202014837.

---

**BEFORE:   McCLENDON, WELCH, THERIOT, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED.** The judgment of the district court signed on November 10, 2021, denying the motion for summary judgment filed by the defendants, St. Tammany Parish Water Works District No. 3, Jeffrey Swiger, and Hettie Swiger, is reversed. Under La. Civ. Code art. 2317.1, the plaintiff, Bonnie Guidry, failed to produce evidence sufficient to establish the existence of a genuine issue of material fact as to whether the alleged condition was open and obvious to all, thus, it did not present an unreasonable risk of harm, which is an essential element of her claim. See **Broussard v. State ex rel. Office of State Buildings,** 2012-1238 (La. 4/5/13), 113 So.3d 175, 184. Therefore, the motion for summary judgment filed by the defendants is granted, and the plaintiff's claims are dismissed.

**PMc**
**MRT**
**AHP**
**WIL**

**Welch, J.,** dissents and would deny the writ. The credibility of a witness is a question of fact which the district court cannot determine on a motion for summary judgment, and the district court must assume that all affiants are credible. See **Hutchinson v. Knights of Columbus, Council No. 5747,** 2003-1533 (La. 2/20/04), 866 So.2d 228, 234. I find that the affidavit of Dennis Howard submitted by the plaintiff created a genuine issue of material fact as to whether the alleged condition was open and obvious to all.

COURT OF APPEAL, FIRST CIRCUIT

_a.S.n_

_____
DEPUTY CLERK OF COURT
FOR THE COURT