JOAN BERNARD ARMSTRONG, Chief Judge.
hThe plaintiff, Willie Mae Thomas, appeals the summary judgment dismissal of her survival action and wrongful death claim on behalf of her son, Derrick Thomas (“Thomas” or “the deceased”), against Sheriff Charles C. Foti, Jr. (“the Sheriff’). We affirm.
The pertinent facts of this case are not in dispute. On September 5, 1997, Thomas was escorted to the nurse’s clinic by a prison guard after he allegedly fainted. Thomas was examined by a licensed practical nurse employed by the Sheriff, Diane F. Ison (Ison). Ison found Thomas’ blood pressure to be 90/56, his temperature to be 101.2 degrees, his respiration 20 and his pulse 112. She noted that he appeared to be dizzy and disoriented and did not seem to know his whereabouts at the time. Ison’s notes reflect that she had some indication, the source of which is unclear from the record, that Thomas had consumed another inmate’s medication. After her assessment of Thomas, Ison made telephone contact with Dr. Marguerite R. Poreda (Dr. Poreda), one of the physicians on call at the prison. Dr. Poreda was not an employee of the Sheriff; however, she provided her services under contract between the Sheriff and her employer, Louisiana State University Health Science Center (LSU). Dr. Poreda is a medical |2doctor who specializes in psychiatry. Dr. Poreda was told that Thomas was hypoten-sive, weak, and shaky. She was also informed that Thomas had taken another inmate’s prescription drug medication. Dr. Poreda instructed that Thomas be seen by a physician on the next available sick call.
Dr. Poreda saw Thomas on September 8, 1997. At that time, she observed that he was extremely thin at 100 lbs., 6'1" tall. Thomas admitted to her that he had been taking his friend’s prescription of Thora *771 zine[1] because he thought it might help him pick up his weight. Thomas told Dr. Pore-da that he had stopped taking the drug and that he was doing better. Dr. Poreda found that Thomas had nothing acute at the time. Dr. Poreda’s impression was that Thomas had a history of drug conduct disorder, that he had a drug intoxication with side effects that was resolving, and that he didn’t need to return for follow-up unless there was another problem.
On September 15, 1997, Thomas was rushed to Charity Hospital where he was forced to undergo several surgeries as a result of a bacterial infection which started in his teeth and gums and spread to his heart and brain. Thomas remained in Charity Hospital until his death on November 10,1997.
On January 28, 1998, the plaintiff filed a Petition for Wrongful Death and Survival Action against the Department of Corrections (“DOC”), the Sheriff, and the City of New Orleans (“City”). On September 19, 2003, an amended petition was filed, naming LSU and Dr. Poreda as additional defendants.
The City was released on an Exception of No Cause of Action on November 17, 1999. The Sheriff and DOC each filed a Motion for Summary Judgment which |swere presented to the trial court on September 22, 2003. The DOC’s Motion for Summary Judgment was granted as unopposed. The judgment granting the Motion for Summary Judgment in favor of the Sheriff was rendered on December 2, 2003.
The plaintiff appealed the judgment dismissing the Sheriff. (Appeal No.2004CA-0210); however, on June 23, 2004, this Court dismissed the appeal without prejudice because the judgment was an unap-pealable partial judgment pursuant to La. C.C.P art. 1915(B) as amended in 1997. The dismissal of the appeal was based on this Court’s finding that two defendants remained in the case, namely LSU and Dr. Poreda, and that the trial court did not certify the judgment as final. On November 19, 2004, the trial court dismissed LSU and Dr. Poreda pursuant to an Exception of Prematurity, thereby rendering the December 2, 2003 judgment in favor of the Sheriff final and appealable. On January 18, 2005, the plaintiff filed the instant appeal, asserting that the trial court erred in granting the Motion for Summary Judgment in favor of the Sheriff when genuine issues of material fact exist.
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480, p. 2 (La.4/11/94), 634 So.2d 1180, 1182. “Favored in Louisiana, the summary judgment procedure ‘is designed to secure the just, speedy, and inexpensive determination of every action’ and shall be construed to accomplish these ends.” King v. Parish National Bank, 04-0337, p. 7 (La.10/19/04), 885 So.2d 540, 545 (quoting La. C.C.P. art. 966(A)(2)).
Summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show |4that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B); Jones v. Estate of Santiago, OS-1424, p. 4 (La.4/14/04), 870 So.2d 1002, 1005. The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover *772 has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. La. C.C.P. art. 966C(2); Hutchinson v. Knights of Columbus, Council No. 5717, 03-1533, pp. 6-7 (La.2/20/04), 866 So.2d 228, 233.
The only issue raised in the Sheriffs Motion for Summary Judgment is the plaintiffs allegation of negligence against Ison. It is undisputed that the Sheriff is not responsible under the doctrine of re-spondeat superior for any of Dr. Poreda’s actions. The plaintiffs claim against Ison is based on the premise that Ison was negligent in choosing to call a psychiatric physician (Dr. Poreda) rather than an internal medicine physician to review Thomas’ complaints. The record reflects that Dr. Poreda was not the only physician on-call on September 5, 1997. In connection with the Sheriffs Motion for Summary Judgment, the trial court reviewed the depositions of Ison, Dr. Poreda, and the plaintiffs medical expert, Dr. Reginald J. Ross. An affidavit of Dr. Ross, prepared subsequent to his deposition, was also submitted.
Ison stated in her deposition that based on Thomas’ symptoms, i.e., dizzy and disoriented, and the presumption that Thomas had taken another inmate’s medicine, she believed that Thomas needed to see a psychiatric doctor. We note from Dr. Ross’ deposition testimony that he had no criticism of the medical care | ^provided by Ison. Specifically, he stated: “I think the nurses acted as they can, in the sense of relaying the information to the physicians and leaving it up to the physicians to make a determination as to what needed to be done.”[2]
The only evidence offered by the plaintiff in opposition to the Motion for Summary Judgment, to show negligence on the part of Ison, was the affidavit of Dr. Ross. In this affidavit, which was prepared after the filing of the Motion for Summary Judgment and more than one year after his deposition, Dr. Ross opined that Ison was negligent based solely on the fact that Ison chose to call a psychiatric physician when she had the option of calling an internal medicine physician.
It is well established that supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La. C.C.P. art. 967. Ultimate facts and conclusions of law contained in supporting affidavits cannot be considered for purposes of summary judgment. JCM Const. Co., Inc. v. Orleans Parish.School Bd., 02-0824, p. 42 (La.App. 4 Cir. 11/17/03), 860 So.2d 610, 635.
At the conclusion of the hearing, the trial judge expressed his findings orally on the record, as follows:
The Court is of the view that the only link to the Sheriffs Department is Nurse Ison, and that Nurse Ison contacted a doctor, gave the doctor the vitals, as well as the behavior of the— inmate. And the doctor prescribed a regime of treatment which the records seem to reflect Nurse Ison followed.
The defendants — I’m sorry, the plaintiffs expert, Dr. Reginald Ross, when deposed indicted that he didn’t find any of the actions of the medical providers, including Nurse Ison, to be a breach of any standard, but did indicate that he would like to see further records. Al *773 legedly, he saw further records and was able to indicate that the Ronly negligence, and that’s the doctor’s term, not the Court — although it should be the Court and not the doctor’s, the only negligence he found was that the nurse called an internal physician — I’m sorry, called a psychiatric doctor and not an internal physician.
The Sheriffs Department has already indicated that the doctor at that time, Dr. Poreda, was in fact one of the doctors on call for Nurse Ison to call. And, we all know that as a — factual matter, a psychiatric doctor is also a medical doctor, and by definition has to be.
Further, the record is replete with information, factual information, demonstrating that on September the 8th, Dr. Pore-da actually met with and evaluated Mr. Thomas. And in the doctor’s opinion, the problem that Mr. Thomas was complaining about was resolved and the doctor didn’t see any need for any hospital intervention. Now, certainly,' if that’s the doctor’s view on September the 8th, we cannot hold Nurse Ison to a higher standard than we hold the doctor.
And for all the foregoing reasons, this Court grants the motion for summary judgment on behalf of the Orleans Parish Criminal Sheriffs Department.
After our own review of the record, we find no error on the part of the trial court. The plaintiff relies on the opinion of Dr. Ross to defeat the Sheriffs Motion for Summary Judgment. However, we find that Dr. Ross’s affidavit is eonclusory and offers not a scintilla of specific facts pertinent to Ison’s alleged negligence. Dr. Ross opined only that Ison was negligent in calling Dr. Poreda instead of an internist. Such a eonclusory statement does not constitute factual support sufficient to establish that the plaintiff will be able to satisfy her evidentiary burden of proof at trial.
For the foregoing reasons, the judgment of the trial court, granting summary judgment in favor of the Sheriff, is affirmed.
AFFIRMED.

. Thorazine is an anti-psychotic drug that is prescribed for psychotic disorders and behavioral problems.

. Dr. Ross did, however, express the opinion that Dr. Poreda was negligent. As previously slated, the allegations against Dr. Poreda are not at issue in this appeal.