JOSEPH TRUJILLO AND PATRICIA TRUJILLO
v.
ROBERT DUHE AND SYM REALTY.
No. 2006 CA 2030.
Court of Appeals of Louisiana, First Circuit.
August 29, 2007.
JOSHUA M. PALMINTIER, deGravelles, Palmintier, Holthaus & Frugé, L.L.P., Attorney for Plaintiffs-Appellants, Joseph Trujillo and Patricia Trujillo,
MARTI OGDEN, Donohue Patrick, P.L.L.C., Attorney for Defendants-Appellees, Robert Duhe and SYM Realty.
Before: BAGNERIS, LOVE, and LOMBARD, JJ.[1]
TERRI F. LOVE, Judge, Ad Hoc.
This appeal arises from Joseph Trujillo's injuries from a trip and fall on the (roots of a pecan tree located outside his home. Joseph Trujillo leased his home from Robert Duhe (d/b/a SYM Realty) pursuant to a "lease to purchase" agreement. Joseph and Patricia Trujillo filed suit for damages against Robert Duhe and SYM Realty. Robert Duhe and SYM Realty filed a motion for summary judgment seeking a dismissal asserting that the entryway was not a defective condition, which the trial court granted. We do not find that genuine issues of material fact exist as to the defective condition of the front entryway of the home and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Joseph Trujillo ("Mr. Trujillo") tripped on the tree roots of a pecan tree outside the front of his home. At the time of the accident, Mr. Trujillo was following his wife to the front of the house in the evening. He was carrying a bag of groceries and talking to his wife when he tripped over the roots and fell on the front steps of the house. Mr. Trujillo sustained injuries to his knee and had to undergo knee surgery.
Mr. Trujillo leased the home from Robert Duhe (d/b/a SYM Realty) ("Mr. Duhe") pursuant to a "lease to purchase" agreement. Mr. Trujillo lived in the house for over six years prior to the fall. He used the front entrance as the sole means of entering and exiting the house, meaning that Mr. Trujillo stepped over the pecan tree roots each time he entered or exited the home. Both Mr. Trujillo and Mr. Duhe were aware of the existence of the tree roots. Mr. Trujillo asked Mr. Duhe to landscape the area around the front entryway. However, that project was never commenced. Mr. Trujillo undertook projects around the property, including having tree stumps removed from the premises. He did not have the pecan tree removed, but instead hired someone to haul in dirt to put on top of the roots. However, rainwater washed the dirt away.
Mr. Trujillo and his wife, Patricia Trujillo ("Plaintiffs"), filed a petition for damages against Mr. Duhe and SYM Realty ("Defendants") alleging the tree roots created an unreasonably dangerous condition. Mr. Duhe and SYM Realty filed a motion for summary judgment. The trial court granted the motion for summary judgment finding that the defect, the tree roots, did not create an unreasonably dangerous condition due to Mr. Trujillo's knowledge of the defect and constant encounter with the condition. This appeal timely followed.

STANDARD OF REVIEW
Appellate courts review summary judgments using the de novo standard. Reynolds v. Select Props., Ltd., 93-1480 (La. 4/11/94), 634 So. 2d 1180, 1183. A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The mover bears the burden of proof. La. C.C.P. art. 966(C)(2).

DUTY OF A LANDOWNER
The Defendants contend the defective condition was open and obvious and was not unreasonably dangerous. Therefore, the Defendants aver they owed no duty to Mr. Trujillo.
The owner of property may be held liable to a person injured on their property if there is a defect on the property which causes injury and the owner knew or should have known of the existence of the defect. La. C.C. art. 2317.1. The duty owed by the owner to a person is governed by a standard of reasonableness, that the injury could have been prevented by the exercise of reasonable care, and that the owner failed to exercise such reasonable care. La. C.C. art. 2317.1.
The duty that Mr. Duhe owes to persons injured by a defect on his property depends on how obvious the defect is to all. Pitre v. Louisiana Tech University, 95-1466 (La. 5/10/96), 673 So. 2d 585, 591. The Louisiana Supreme Court stated that "the obviousness and apparentness of a potentially dangerous condition are relevant factors to be considered under the analysis." Id. "If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff." Pitre, 673 So. 2d at 591, citing Socorro v. City of New Orleans, 579 So. 2d 931, 942 (La. 1991).
The trial court found Durmon v. Billings to be persuasive in making its determination on this case. 38,514 (La. App. 2 Cir. 5/12/04), 873 So. 2d 872. In Durmon, the court recognized an accident that occurred as a result of a defect is not unreasonable when the risk is "obvious, universally known, and easily avoidable." Id. at p. 8, 873 So. 2d at 877.

UNREASONABLY DANGEROUS CONDITION
The Plaintiffs' contend that the entryway was a defective condition that amounted to an unreasonably dangerous condition. The degree to which a risk may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A condition may be deemed unreasonably dangerous depending upon: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs activities in terms of its social utility or whether it is dangerous by nature." Hutchinson v. Knights of Columbus, 03-1533, pp. 9-10 (La. 2/20/04), 866 So. 2d 228, 235. "A landowner is not liable for an injury which results from a condition that should have been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the landowner." Id. at p. 9, 866 So. 2d at 235.
Mr. Trujillo stated in his deposition that he lived in the house for over six years and stepped over the tree roots daily. He stated that the roots were open and obvious to all. Mr. Trujillo indicated that he was not paying attention the night of the fall, despite the fact that he was aware of the roots.
Considering Louisiana law regarding the duty of a landowner and Mr. Trujillo's testimony, we find that the tree roots were an open and obvious condition, which Mr. Trujillo observed prior to his fall. Thus, we do not find that the Defendants owed a duty to protect Mr. Trujillo from the tree roots. Mr. Trujillo was aware of the tree roots in front of his house, traveled them daily, and, in this instance, traveled them without exercising reasonable care. Therefore, we do not find the entryway to be an unreasonably defective condition.

DECREE
For the above-mentioned reasons, the judgment of the trial court granting summary judgment in favor of Robert Duhe and SYM Realty is affirmed.
AFFIRMED
NOTES
[1] The Honorable Judge Dennis R. Bagneris, Sr., Judge, the Honorable Terri F. Love, Judge, and the Honorable Edward A. Lombard, Judge, all members of the Fourth Circuit Court of Appeal, are serving as judges ad hoc by special appointment of the Louisiana Supreme Court.