NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

25-502

JUNIUS RIVET, JR.

VERSUS

HALLIBURTON ENERGY
SERVICES, INC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NUMBER C-20210733
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Shannon J. Gremillion, Sharon Darville Wilson, and Ledricka J. Thierry, Judges.

AFFIRMED.

**Alan G. Brackett**
**Alex J. Domingue**
**Daniel P. Sullivan**
**MOULEDOUX, BLAND, LEGRAND &**
**BRACKETT, LLC**
**701 Poydras Street, Suite 600**
**New Orleans, Louisiana  70139**
**(504) 595-3000**
**COUNSEL FOR INTERVENORS:**
> **Joe's Environmental Contractors, Inc.;**
> **Manufacturer's Alliance Insurance Company; and**
> **American Longshore Mutual Association, Ltd.**

**Tracy P. Curtis**
**THE GLENN ARMENTOR LAW CORP.**
**300 Stewart Street**
**Lafayette, Louisiana  70501**
**(337) 233-1471 x341**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
> **Junius Rivet, Jr.**

**Jason E. Wilson**
**Tyler J. Minick**
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
**3861 Ambassador Caffery Parkway, Suite 300**
**Lafayette, Louisiana  70503**
**(337) 755-1760**
**COUNSEL FOR DEFENDANT/APPELLEE:**
> **Halliburton Energy Services, Inc.**

**WILSON, Judge.**

Plaintiff, Junius Rivet, Jr. (Rivet), appeals the dismissal of his negligence claim against Halliburton Energy Services, Inc. (Halliburton) by the granting of Halliburton's motion for summary judgment. For the following reasons, we affirm.

I.

## ISSUES

Rivet presents the following issues for review:

> 1.      In a premises liability parking lot case, does a trial court err in granting a motion for summary judgment when plaintiff testified regarding the existence and nature of a defect?

> 2.      In a premises liability parking lot case, does a trial court err in granting a motion for summary judgment when plaintiff testified that he and others previously complained of the condition at issue?

II.

## STANDARD OF REVIEW

"In reviewing the trial court's decision on a motion for summary judgment, this court applies a de novo standard of review." *Longino v. City of Oakdale*, 21-296, p. 2 (La.App. 3 Cir. 11/2/21) 332 So.3d 753, 755.

III.

## FACTS AND PROCEDURAL HISTORY

On February 10, 2020, Rivet was employed by Joe's Environmental Contractors, Inc. as a truck driver. On that date, he was delivering loads of barite to the Halliburton facility in Golden Meadow, Louisiana. Rivet contends that on his third trip of the day, he stepped out of his truck and into a large hole, injuring his left leg and foot.

On February 8, 2021, Rivet filed suit against Halliburton. Halliburton answered and, in due course, filed a motion for summary judgment, alleging that Rivet could not prove that a defect existed and that, even if he could prove a defect,

he could not prove that Halliburton possessed actual or constructive knowledge of it. In support of its motion, Halliburton submitted the following: (1) the transcript of Rivet's deposition taken on July 15, 2022; (2) the affidavit of Halliburton employee, Gerald Hymel (Hymel); (3) the affidavit of Halliburton employee, Dean Walton (Walton); and (4) Halliburton's security log for February 10, 2020.

Rivet opposed the motion, asserting that his own testimony was evidence that there was a defect and that the affidavit of Halliburton's employee, Hymel, created an issue of fact. Rivet also argued that his testimony that he complained to Halliburton about six weeks prior to the accident was evidence of actual notice and that Hymel's testimony that he graded the lot one to two times a week was evidence that Halliburton knew or should have known of the existence of the hole.

The matter came for hearing on June 16, 2025, and the trial court granted the motion in open court and signed a judgment dismissing all of Rivet's claims against Halliburton with prejudice on June 25, 2025. This appeal followed.[1]

**IV.**

**LAW AND DISCUSSION**

According to La.Civ.Code art. 2317.1:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

---

[1] Joe's Environmental Contractors, Inc., Manufacturer's Insurance Company, and American Longshore Mutal Association, Ltd. filed a motion with this court seeking to intervene as appellants in these proceedings. In the district court proceedings, Joe's Septic asserted a lien seeking to recover the workers' compensation benefits paid to Rivet pursuant to the Longshore & Harbor Workers' Compensation Act, 33 USC § 901, *et seq*. This court denied the motion on September 16, 2025, finding that they had a right and duty to appeal the judgment but had not done so.

"[P]remise liability cases are analyzed by conducting a duty/risk analysis" that requires the plaintiff to prove five separate elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element).

*Pryor v. CCRR Props., LLC*, 25-254, pp. 10–11 (La.App. 3 Cir. 10/22/25), 423 So.3d 617, 625, *quoting Farrell v. Circle K. Stores, Inc.*, 22-849, p. 5 (La. 3/17/23), 359 So.3d 467, 473.

Louisiana Code of Civil Procedure Article 966(A)(3) provides that "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." Furthermore,

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

Halliburton argues that the trial court correctly granted its motion for summary judgment because "there is absolutely no evidence beyond Plaintiff's self-serving testimony that a defect existed[.]" Our law is clear that "[a] plaintiff may not satisfy his/her burden on summary judgment by relying on allegations and uncorroborated, self-serving testimony in response to the defendant's properly made and supported motion for summary judgment." *Caminita for and on Behalf of*

*Caminita v. Roman Catholic Church of Archdiocese of New Orleans*, 20-54, pp. 1-2 (La.App. 5 Cir. 7/8/20), 299 So.3d 1269, 1272.

"The credibility of a witness is a question of fact." *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, p. 8 (La. 2/20/04), 866 So.2d 228, 234. "Whether the statements are accurate is not to be determined on a motion for summary judgment. The trial court must assume all of the affiants are credible." *Pacaccio v. Hoover*, 21-1587, p. 6 (La.App. 1 Cir. 8/2/22), 348 So.3d 81, 86, *writ denied*, 22-1525 (La. 12/6/22), 351 So.3d 367. "When a party opposing a motion for summary judgment presents [his] own self-serving testimony, but that testimony contains significant discrepancies, the general rule that a court must accept such testimony as credible on a motion for summary judgment is inapplicable." *Smith v. State through Dep't Transp. & Dev.*, 21-192, p. 14 (La.App. 3 Cir. 3/3/22), 350 So.3d 879, 887–88.

In his deposition, Rivet testified that the weather was rainy and wet and that there was "a lot of standing water on the ground." He further testified that the accident happened at about 8:36 pm. He stated: "I took it [his truck] out of gear. I put the brakes on, opened my door, and I went -- I started climbing down and out of the truck. And that's when my foot went in that hole. Then, pow." He testified that there were two aluminum steps to get out of his truck. Rivet testified that he checked in at the guard shack and got signed in. Walton, a facility manager at Halliburton, testified by affidavit in support of Halliburton's motion for summary judgment that Halliburton's records indicate that Rivet signed in once at 2:15 p.m. on the day of the alleged accident, February 10, 2020, and checked out the same day at 3:00 p.m. A copy of the security log was attached to his affidavit.

Rivet estimated that the hole was about six to eight inches deep and about five or six feet wide and that it was filled with water. While he testified that he took

4

pictures of the hole with his phone, he stated that he did not have access to that phone anymore. No pictures of the hole appear in the record. Rivet testified that after the accident, he tried to make an accident report to a man in the mud room but was told that he did not have time to do one.

Rivet testified in deposition that he and "almost every – every truck driver that went in there" complained about the holes in the parking lot but that nothing was done about the complaints. In support of the motion for summary judgment, Halliburton submitted an affidavit from Hymel, a material handler at Halliburton, who testified that once or twice per week he would "grade, level, and fill any holes on the property." He further stated that he had "never been informed on, nor had to repair, a hole six (6) to eight (8) inches deep and five (5) to (6) feet wide[.]"

After Halliburton showed that Rivet would be unable to meet his burden of proving an essential element of his claim, namely that a defect existed and, in the alternative, that if a defect existed, then Halliburton had actual or constructive knowledge of it, the burden shifted to Rivet "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La.Code Civ.P. art. 966(D)(1). Rivet argues that "Halliburton's claim that there is no evidence of a defect ignores plaintiff's testimony describing the large hole that injured him. And defendant's assertion that plaintiff lacks evidence of notice . . . ignores plaintiff's testimony that he previously complained about the facility's condition." However, we find that Rivet has not produced factual support sufficient to establish that a genuine issue of material fact exists because he relies solely on his own self-serving testimony and circular reasoning that present no support for his self-serving assertions that a defect existed and that Halliburton knew about it. As in *Smith*, 350 So.3d at 889, "[t]his causes us to conclude that the general rule that a court must accept such testimony

5

as credible on a motion for summary judgment is inapplicable." "Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact." *Woods v. Winn-Dixie Stores, Inc.*, 22-191, p. 8 (La.App. 1 Cir. 9/16/22), 353 So.3d 182, 189, *quoting Hernandez v. Livingston Par. Sch. Bd.*, 21-764, p. 8 (La.App. 1 Cir. 3/30/22), 341 So.3d 680, 686. Having thoroughly reviewed the record, Rivet's deposition testimony, and the affidavits and supporting documents presented by Halliburton, we conclude that none of them contain evidence sufficient to establish that Rivet would be able to satisfy his evidentiary burden of proof at trial. "Once a motion for summary judgment has been properly supported by the moving party, the non-moving party's failure to produce evidence of a material factual dispute mandates the granting of the motion." *Latiolais v. Terrebonne Par. Consol. Gov't*, 24-342, p. 7 (La.App. 1 Cir. 11/20/24), 405 So.3d 1054, 1061.

## V.

## <u>CONCLUSION</u>

We find that the trial court properly granted the motion for summary judgment filed by Halliburton Energy Services, Inc. We affirm the judgment of the trial court granting summary judgment in favor of Halliburton and dismissing the claims of Junius Rivet, Jr. with prejudice. Costs of this appeal are assessed to Plaintiff/Appellant, Junius Rivet, Jr..

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.