# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 24-325

RUE DU BELIER COVE, LLC

VERSUS

RAGIN' PROPERTIES, LLC

**********

ON APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20205884
HONORABLE THOMAS J. FREDERICK, DISTRICT JUDGE

**********

**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.

**REVERSED.**

**Bart J. Hebert**
**J. Brent Barry**
**Boyer, Hebert & Angelle, LLC**
**401 East Mills Avenue**
**Breaux Bridge, Louisiana 70517**
**(337) 332-0616**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ragin' Properties, LLC**

**Jason A. Cavignac**
**Claire E. Pontier**
**Jeffrey T. Pastorek**
**Couhig Partners, LLC**
**3250 Energy Centre, 1100 Poydras Street**
**New Orleans, Louisiana 70163**
**(504) 588-1288**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Rue Du Belier Cove, LLC**

**Barry J. Sallinger**
**820 E. St. Mary Boulevard**
**Lafayette, Louisiana 70503**
**(337) 235-5791**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Rue Du Belier Cove, LLC**

**PERRY, Judge.**

In this lawsuit involving the breach of an agreement to purchase property, Defendant/Appellant, Ragin' Properties, LLC ("Ragin"), appeals the grant of summary judgment in favor of Plaintiff/Appellee, Rue Du Belier Cove, LLC ("RDBC"). The trial court found Ragin breached the purchase agreement and awarded RDBC contractual stipulated damages and attorney fees. For the reasons that follow, we reverse the judgment of the trial court granting summary judgment in favor of RDBC.

## FACTS AND PROCEDURAL HISTORY

In September 2020, RDBC agreed to sell three townhouses to Ragin.[1] The parties entered into a Louisiana Residential Agreement to Buy or Sell ("purchase agreement"), wherein they agreed to close on the sale on or before October 26, 2020. The purchase agreement also provided remedies for default, including declaring the purchase agreement null and void or suing for termination of the purchase agreement, stipulated damages in the amount equal to ten percent of the sales price, and retention of the deposit.

Hurricane Delta made landfall in Calcasieu Parish on or about October 9, 2020.[2] Following the aftermath, the parties made amendments to the agreement due to damage to the townhouses which were subject to the sale. After an inspection of the property, Ragin completed a pre-printed addendum to the purchase agreement entitled "Buyer Response to Property Inspection Form" ("Buyer Form"). In the

---

[1] The agreed upon price of the three townhouses located at 1, 3, 7 Townhouse Cove, Lafayette, Louisiana, was $315,000.00.

[2] Though Hurricane Delta made landfall in Calcasieu Parish, it caused damage in Lafayette Parish where the townhouses at issue are located.

Buyer Form dated October 16, 2020, Ragin provided a list of deficiencies in the properties and requested that RDBC remedy those deficiencies.[3]

In response to the Buyer Form, RDBC submitted a pre-printed addendum to the purchase agreement entitled "Seller Response to Property Inspection Form" ("Seller Form"). In Option 3 of the Seller Form dated October 19, 2020, RDBC advised Ragin of the repairs it was willing to remedy, specifically stating:

> 3. **SELLER** agrees to remedy only those items on the Buyer Response to Property Inspection that are listed below prior to the act of sale, and will provide **BUYER** with copies of paid receipts or other proof of repairs:
>
> > -Missing shingles will be replaced. Units 1, 3 and 7 have been made secure. Roofing repairs will be complete when the adjustor [sic] has inspected and the insurance company offers settlement. A roofing company will then perform the work.
> >
> > -Mirrors have been hung.

In response, Ragin submitted a "Buyer Final Response to Property Inspection Form" ("Buyer Final Response Form") dated October 22, 2022. Therein, Ragin indicated, "BUYER elects to proceed toward the act of sale." On October 26, 2020, Ragin did not appear at the closing. This suit followed.

In their Petition to Enforce Contract, filed on November 24, 2020, RDBC alleged Ragin was in default of the purchase agreement and sought to terminate the agreement and enforce the liquidated damages provision of the purchase agreement. More specifically, RDBC sought payment of $31,500.00 (ten percent of the sales price); the $1,000.00 deposit; and costs, interest, and attorney fees.

---

[3] Ragin listed numerous items it wanted repaired, including damage incurred from Hurricane Delta.

In response to the petition, Ragin denied liability and filed a reconventional demand alleging RDBC was in default of the purchase agreement. Ragin alleged RDBC was required to replace the missing shingles on the properties prior to the act of sale on October 26, 2020.

RDBC answered the reconventional demand denying liability and filed a motion for summary judgment on February 8, 2021, seeking a finding that Ragin was in default of the purchase agreement. In seeking a finding that Ragin was in default of the purchase agreement, RDBC attached the following documents to its initial motion for summary judgment: the purchase agreement, the Buyer Form; the Seller Form; the Buyer Final Response Form; the affidavit of Gary W. Rudick; and the affidavit of Deborah Foreman.

Ragin filed a cross motion for summary judgment on March 19, 2021, seeking a finding that RDBC was in default of the purchase agreement. In addition to the purchase agreement and ancillary forms filed with RDBC's motion for summary judgment, Ragin attached the affidavit of Michael G. Choate to its motion.

In April 2021, the trial court denied RDBC's motion.[4] Following a pre-trial status conference held in November 2023, RDBC re-urged its motion for summary judgment. Both parties filed supplemental memoranda in support of their previously filed cross motions for summary judgment.

Following a hearing on November 20, 2023, the trial court granted summary judgment in favor of RDBC, finding Ragin in default of the purchase agreement, terminating the purchase agreement, and awarding RDBC damages, including the

---

[4] The hearing on Ragin's cross motion for summary judgment was initially scheduled for June 1, 2021; however, following the denial of RDBC's motion for summary judgment, Ragin passed on the initial hearing date to allow time to conduct discovery.

$1,000.00 deposit; stipulated damages of $31,500.00; and costs, interest, and attorney fees. Judgment to this effect was signed November 30, 2023.

On December 20, 2023, Ragin sought a supervisory writ of the judgment now before this court. Ragin's writ was denied, and this case was remanded with instructions for Ragin to comply with the mandates governing appeals. *Rue De* [sic] *Belier Cove, LLC v. Ragin Properties, LLC*, 23-786 (La.App. 3 Cir. 3/25/24) (unpublished writ opinion). This appeal by Ragin followed.

## ASSIGNMENT OF ERROR

In its sole assignment of error, Ragin argues: "The trial judge erred when he reversed his prior denial and granted RDBC's motion for summary judgment and denied Ragin's cross-motion."

## APPELLANT'S ARGUMENTS

Ragin argues that on October 16, 2020, it provided RDBC with a completed Buyer Form, on which Ragin indicated it would not go forward with the sale unless certain conditions were remedied. Ragin alleges that on October 19, 2020, RDBC provided Ragin with a completed Seller Form, on which RDBC obligated itself to replace the missing roof shingles "prior to the act of sale" scheduled for October 26, 2020.

Ragin further alleges that on or before October 19, 2020, it advised RDBC that if the roof repairs to the properties could not be completed by October 26, 2020, Ragin would agree to extend the date of closing, if requested by RDBC, but RDBC refused. Thus, Ragin contends it refused to go through with the sale because the roof repairs were not complete "prior to the act of sale[.]"

Ragin further argues the language of the purchase agreement is clear in stating the closing was to occur on October 26, 2020. It contends there can be no

4

interpretation of Option 3 of the Seller Form which removes RDBC's promise to complete the roof repairs prior to the sale. Thus, Ragin argues its cross-motion for summary judgment should be granted.

## APPELLEE'S POSITION

RDBC admits agreeing to replace the missing roof shingles but denies obligating itself to complete the roof repairs before the closing date. RDBC also alleges Ragin knew the roof repairs could not be completed before October 26, 2020, when it elected to proceed toward the act of sale, as indicated on the Buyer Final Response Form dated October 22, 2020.

RDBC further argues the language it added to Option 3 of the Seller Form controls. It contends common sense dictates that after a hurricane, a property owner cannot get a roof inspected and a claim settled and then complete roof repairs in only four days. Thus, RDBC argues the judgment of the trial court should be affirmed.

## LAW AND DISCUSSION

Appellate review of a grant of summary judgment is de novo, using the same criteria trial courts consider when determining if summary judgment is proper. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. Thus, pursuant to La.Code Civ.P. art. 966(A)(3), we look to determine whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."

In determining whether a genuine issue exists, "courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A trial judge cannot make credibility determinations on a motion for summary judgment." *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-

5

1533, p. 8 (La. 2/20/04), 866 So.2d 228, 234. Generally, summary judgment is seldom appropriate for determinations based on subjective facts when intent or motive is at issue. *Wroten v. Ferriday Auto Ventures, LLC*, 20-387, 20-102 (La.App. 3 Cir. 12/16/20), 310 So.3d 621, *writ denied*, 21-85 (La. 3/9/21), 312 So.3d 585.

This dispute arises from a disagreement about when RDBC promised to complete the replacement of missing shingles on the roofs of the condominiums which Ragin agreed to buy. Ragin points to Option 3 of the Seller Form, specifically the phrase "prior to the act of sale," to argue RDBC made a promise to replace the roofing before the closing. RDBC did not add conflicting language when it listed items it agreed to remedy on the Seller Form.

In arguing its entitlement to summary judgment, Ragin cites La.Civ.Code art. 2046[5] for its contention that the purchase agreement before us is clear and, thus, there can be no interpretation of the disputed provision which removes the promise to make repairs prior to the act of sale without looking to extrinsic evidence or venturing beyond the four corners of the document for a different answer. We disagree.

After a thorough review of the record, we find merit in Ragin's assertion that the trial court erred in granting the motion for summary judgment in favor of RDBC. It is clear the parties disagree about the interpretation of Option 3 of the Seller Form dated October 19, 2020. The subjective intent of the parties involved in this agreement to purchase property is a critical issue in determining the proper interpretation of Option 3 and, in turn, in determining who breached said agreement.

---

[5] Louisiana Civil Code Article 2046 provides, "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."

6

Thus, this case is not ripe for summary judgment in favor of either party. Based on this finding, we vacate any relief the trial court granted RDBC pursuant to granting summary judgment, and we remand for proceedings consistent with this opinion.

**DECREE**

The judgment of the trial court granting summary judgment in favor of Rue Du Belier Cove, LLC, is reversed, and RDBC is assessed with all costs of this appeal.

**REVERSED.**