D'MARRIO KENDRICK

VERSUS

BROWN AND ROOT

NO. 24-CA-361

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION
DISTRICT 7
STATE OF LOUISIANA
NO. 23-2043
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING

February 26, 2025

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**REVERSED AND REMANDED**
 **SJW**
 **SMC**
 **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
D'MARRIO KENDRICK
Larry M. Aisola, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
BROWN & ROOT
John J. Rabalais
Matthew D. Crumhorn

**WINDHORST, J.**

Claimant/employee, D'Marrio Kendrick, seeks review of the Office of Workers' Compensation's ("OWC") May 1, 2024 judgment, granting summary judgment in favor of defendant/employer, Brown & Root Industrial Services ("Brown & Root"), dismissing his indemnity benefits claim with prejudice. For the following reasons, we reverse and remand for further proceedings.

**FACTS and PROCEDURAL HISTORY**

On July 7, 2022, while in the course and scope of his employment for Brown & Root, claimant was involved in an automobile accident. Claimant was driving a Brown & Root vehicle across railroad tracks on property owned by Cornerstone. While crossing the tracks, claimant's Brown & Root vehicle was involved in a collision with a train. As a result of the incident, claimant sustained injuries.

On April 27, 2023, claimant filed a disputed claim for compensation alleging injuries to his neck, back, and leg. Claimant asserted Brown & Root failed to pay him indemnity benefits. Brown & Root filed an answer on May 8, 2023, admitting claimant was involved in an accident during the course and scope of his employment. However, Brown & Root denied claimant is disabled in any capacity from an injury sustained in the course and scope of his employment.

On February 21, 2024, Brown & Root filed a motion for summary judgment arguing claimant cannot meet his burden of proving entitlement to indemnity benefits from the date of the accident, July 7, 2022, until he was placed on benefits after his surgery on June 29, 2023. Brown & Root stated there is no dispute that the collision occurred and claimant was immediately provided medical treatment. However, Brown & Root contended claimant cannot establish through objective medical evidence that he was disabled and could not engage in any employment through this time period (*i.e.*, from the date of the accident until he started receiving benefits after his surgery) to be entitled to Temporary Total Disability (TTD)

benefits. Moreover, Brown & Root argued claimant cannot meet his burden of proving a disability or loss of earning capacity to be entitled to Supplemental Earnings Benefits (SEBs).

Brown & Root asserted claimant's medical records established that claimant was not restricted from work from the date of the accident until his surgery. Claimant received medical treatment immediately after the work accident with Gulf Coast Occupational Medicine ("Gulf Coast"). Gulf Coast diagnosed claimant with low back pain and strain of muscle, fascia, and tendon of lower back and released claimant to regular duty work as tolerated. Shortly thereafter, claimant selected and was approved to treat with his choice of physician, Dr. Joseph Boucree, who diagnosed claimant with cervical myelopathy, radiculopathy, spondylosis of the cervical region, lumbar radiculopathy, and strains, and claimant was "permitted work-release." Dr. Boucree saw claimant several times and either "permitted work-release" or did not change claimant's disability status. Claimant subsequently had a surgery in Florida with Dr. Stefan Prada, on June 29, 2023. Once Brown & Root learned claimant elected to undergo surgery with Dr. Prada, he was placed on retroactive TTD benefits to the date of his surgery (*i.e.*, June 29, 2023). Brown & Root asserted that these TTD benefits retroactive to surgery, and his disability and entitlement to indemnity benefits *after* the surgery are not in dispute or at issue in the motion for summary judgment.

Thus, based on claimant's medical records, Brown & Root argued that claimant cannot establish by clear and convincing objective medical evidence that he could not engage in *any* employment during the period of time from the date of the accident to the date of the surgery (*i.e.*, July 7, 2022 through June 29, 2023) because plaintiff's own treating physician allowed him "permitted work-release." Additionally, Brown & Root asserted claimant cannot prove by a preponderance of evidence that he would be entitled to SEBs during that time period. In support of its

motion, Brown & Root attached certified medical records from Gulf Coast and Dr. Boucree.

In opposition, claimant argued multiple disputed issues of fact precluded summary judgment. Namely, claimant contended the following genuine issues of material fact existed: (1) whether he was injured in the accident; (2) whether he received proper treatment by Gulf Coast; (3) whether he received disability status from Dr. Boucree; and (4) whether he had an opportunity to return to work. Claimant contended that throughout the Gulf Coast evaluation, the tests were inconsistent and the report stated certain tests needed to be repeated but those tests were not performed. Claimant also averred defendant did not at any time request him to return to work; in fact, he was informed not to return to the work site. As to Dr. Boucree's medical records stating "permitted work-release," claimant contended Dr. Boucree's medical records also stated "Re-assess work status with follow-up patient encounter" after completion of certain diagnostic studies or next evaluation. In support of his opposition, claimant submitted his own affidavit, attesting that "no one from Brown & Root has contacted me about my employment. I was informed after the accident not to return to work." He also attached an affidavit by Dr. Boucree, clarifying and explaining his statement "permitted work-release" as follows:

> A review of my medical records on behalf of D'Marrio Kendrick provides a phrase of the following "'Patient permitted work-release' re-assess work status with follow-up." In essence, I am stating that D'Marrio Kendrick's work status is temporary disability until the next evaluation. As such, D'Marrio Kendrick was temporary disable [sic] until the next office evaluation.

In reply, Brown & Root objected to the two affidavits attached to claimant's opposition. Brown & Root contended claimant's own affidavit was: (1) irrelevant to the material facts before the trial court in the motion for summary judgment; and (2) claimant's statement "I was informed after the accident not to return to work" is

misleading and not a complete report of the facts.[1]  Thus, Brown & Root argued

claimant's own affidavit should be excluded.  As to Dr. Boucree's affidavit, Brown

& Root asserted that (1) the information in the affidavit had not been authenticated,

it was based on speculation, and was incomplete; (2) Dr. Boucree was making

assumptions by using the words "in essence" and attempting to change his medical

opinion retroactively, despite the medical records reflecting otherwise; and (3) his

affidavit was an attempt to defeat the motion for summary judgment.  Brown & Root

also asserted that Dr. Boucree's affidavit did not outline how or why claimant would

be considered disabled, what restrictions would be placed on claimant, and the

affidavit directly contradicted Dr. Boucree's opinion that was provided after each

examination.  Therefore, Brown & Root contended that Dr. Boucree's affidavit was

not valid and should be excluded.

On May 1, 2024, at the conclusion of the hearing on the motion for summary

judgment and objections to claimant's affidavits, the OWC judge took the matter

under advisement.  On the same day, the OWC judge issued two judgments.  In an

interlocutory judgment, the OWC judge *overruled* Brown & Root's objections to the

affidavits attached to claimant's opposition, finding the affidavits "are allowed."

Nevertheless, the judgment further provided:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the
> affidavit of D'Marrio Kendrick is a self-serving affidavit procured only
> after the Motion for Summary Judgment was filed and for the sole
> purpose of defeating summary judgment.  No evidence was provided to
> support Claimant's contention that he was instructed not to return to
> work.  Additionally, the affidavit of Dr. Boucree was a self-serving
> affidavit submitted only after the Motion for Summary Judgment was
> filed.  The affidavit was inconsistent with Dr. Boucree's medical
> records and there is no explanation for the inconsistency.

In a second and final judgment rendered on May 1, 2024, the OWC judge

rendered judgment in favor of Brown & Root and against claimant, granting the

---

[1] Counsel for Brown & Root stated claimant was asked not to return a third party, not Brown & Root. However, there is no evidence to support this assertion.

motion for summary judgment as it relates to indemnity benefits from "July 8,[2] 2022 through June 29, 2023." The OWC judge found "claimant cannot meet his burden to show that he is disabled from work during that period as a result of injuries sustained in the work accident," and dismissed claimant's claims with prejudice. The OWC judge issued written reasons the same day, finding that claimant did not meet his burden in establishing entitlement to TTD benefits or SEBs.

This appeal followed.

**LEGAL ANALYSIS**

On appeal, claimant argues the OWC judge erred in granting Brown & Root's motion for summary judgment. In deciding a motion for summary judgment, claimant avers a trial court cannot make credibility determinations and must assume all affiants are credible. Claimant contends his own affidavit stated he was involved in an accident that required treatment and surgeries, he was informed not to return to work, and he was not informed of the availability of work. Claimant asserts his own affidavit did not contain "mere allegations or self-serving conclusory" facts as it is undisputed he had surgery due to injuries sustained as a result of the July 7, 2022 accident and is receiving benefits from the date of the surgery. Claimant contends these facts indicated he was temporary totally disabled from the period of time prior to the surgery (*i.e.*, July 7, 2022 through June 29, 2023), and his affidavit was sufficient to create a genuine issue of material fact.

Claimant also contends Dr. Boucree's affidavit provided clarity as to Dr. Boucree's own medical records. Dr. Boucree's affidavit stated he was temporary totally disabled until the next evaluation. Claimant contends it was improper for the trial court to make credibility determinations as to Dr. Boucree's affidavit, his

_____

[2] Based on a review of the record, the date of claimant's accident was July 7, 2022, not July 8, 2022.

affidavit created a genuine issue of material fact, and therefore, the trial court erred in granting the motion for summary judgment.

An appellate court reviews an OWC judge's decision to grant a motion for summary judgment in a workers' compensation cases *de novo*, using the same criteria that govern the OWC's consideration of whether summary judgment is appropriate. Rodriguez v. Nola Motor Club, L.L.C., 19-447 (La. App. 5 Cir. 10/05/20), 304 So.3d 147, 149, writ denied, 20-1432 (La. 02/17/21), 310 So.3d 1154. In determining whether an issue of fact is genuine, as necessary for it to preclude summary judgment, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh conflicting evidence. Varrecchio v. Lemoine Company, L.L.C., 23-603 (La. App. 5 Cir. 01/31/24), 381 So.3d 210, 215; Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 07/05/94), 639 So.2d 730, 751.

An affidavit is considered self-serving, and therefore may not be used to defeat a motion for summary judgment, when: (1) it is inconsistent with previous *sworn* depositions and there is no explanation for the inconsistencies; (2) is offered after the motion for summary judgment was filed; and (3) claims to create an issue of material fact. Hardison v. Byrne, 15-111 (La. App. 4 Cir. 12/09/15), 182 So.3d 1110, 1116; Thibodeaux v. Shoppers Value Foods, 22-745 (La. App. 3 Cir. 08/16/23), 370 So.3d 177, 183; Dean v. De La Salle of New Orleans, Inc., 21-388 (La. App. 4 Cir. 12/21/21), 334 So.3d 425, 431. This is to avoid the "thwarting of summary judgment procedure by the mere filing of an affidavit contradicting inconvenient statements found in *previous deposition testimony* when the mover has no opportunity to cross-examine the witness concerning the inconsistencies and the trial court is prevented from weighing evidence by the rules of summary judgment." George v. Dover Elevator Co., 02-821 (La. App. 4 Cir. 09/25/02), 828 So.2d 1194, 1197 [emphasis added]; Thibodeaux, 370 So.3d at 183.

For a claimant to establish entitlement to TTD benefits, he must prove by clear and convincing evidence that he is physically unable to engage in any employment or self-employment due to his injury. La. R.S. 23:1221(1)(c); Burga v. American Remediation Group, LLC, 23-26 (La. App. 5 Cir. 12/06/23), 378 So.3d 165, 170, writ not considered, 24-47 (La. 06/05/24), 385 So.3d 1156; Summers v. Ritz-Carlton New Orleans, 14-800 (La. App. 5 Cir. 05/28/15), 171 So.3d 329, 342, writ denied, 15-1256 (La. 09/25/15), 178 So.3d 569. A claimant must present objective medical evidence to prove by clear and convincing evidence that he is unable to engage in any type of employment. Burga, 378 So.3d at 171; Summers, 171 So.3d at 343.

An employee who is not entitled to TTD benefits may be entitled to SEBs. An employee is entitled to SEBs if the employee sustains a work-related injury that results in the inability to earn ninety percent (90%) or more of his average pre-injury wage. La. R.S. 23:1221(3)(a). The initial burden is on the employee to establish by a preponderance of the evidence that the injury caused his inability to earn ninety percent (90%) or more of his average pre-injury wage. Clay v. Our Lady of Lourdes Regional Medical Center, Inc., 11-1897 (La. 05/08/12), 93 So.3d 536, 539. Once the employee meets his burden, the burden shifts to the employer who, in order to defeat the employee's claim for SEBs, must prove by a preponderance of the evidence that the employee is physically able to perform a certain job, and that the job was offered or was available to the employee in his or the employer's community or reasonable geographic region. Clay, 93 So.3d at 539; La. R.S. 23:1221(3)(c)(i). If the employer meets its burden, then the burden shifts back to the employee to show by clear and convincing evidence that he cannot engage in any employment. La. R.S. 23:1221(3)(c)(ii).

In the instant case, the OWC judge found Dr. Boucree's affidavit was allowed under La. C.C.P. art. 966 but ultimately found his affidavit to be self-serving and it was excluded. Upon *de novo* review, we find the trial court erred in finding Dr.

Boucree's affidavit to be self-serving. Dr. Boucree is claimant's personal treating physician, has personal knowledge of the contents of his own medical records, and clearly submitted the affidavit based on his personal knowledge. Dr. Boucree is in the best position to clarify and/or explain *unsworn* statements regarding his treatment of claimant made in his own medical records. Here, Brown & Root did not argue nor show that Dr. Boucree's affidavit was inconsistent with prior *sworn* deposition testimony. Nevertheless, the OWC judge improperly made credibility determinations, evaluated testimony, and weighed the statements made in Dr. Boucree's affidavit, concluding that the statements were inconsistent, without an explanation, with the statements made by Dr. Boucree in his medical records. We disagree and find that Dr. Boucree's affidavit does not meet the definition of self-serving. Because his affidavit is not self-serving, Dr. Boucree's affidavit is admissible and is sufficient to create a genuine issue of material fact as to whether claimant was unable to engage in any type of employment from the date of the accident until his surgery. Accordingly, the OWC judge erred in granting the motion for summary judgment.

Because the OWC judge erred in finding Dr. Boucree's affidavit to be self-serving, requiring this court to reverse the judgment, we pretermit discussion of claimant's assignment of error regarding whether the OWC judge erred in finding claimant's own affidavit to be self-serving.

**DECREE**

Accordingly, for the reasons stated herein we reverse, deny summary judgment, and remand for further proceedings.

<u>**REVERSED AND REMANDED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 26, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-361

### E-NOTIFIED

OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
LARRY M. AISOLA, JR. (APPELLANT)          MATTHEW D. CRUMHORN (APPELLEE)

### MAILED

MEGAN C. GLADNER (APPELLEE)                JOHN J. RABALAIS (APPELLEE)
ATTORNEY AT LAW                            ATTORNEY AT LAW
3421 NORTH CAUSEWAY BOULEVARD              70779 SOUTH OCHSNER BOULEVARD
SUITE 900                                  COVINGTON, LA 70433
METAIRIE, LA 70002